**William DeBORD, Appellant,**

v.

**Lawrence C. MULLER, Appellee.**

No. 192.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 22, 1969.

Rehearing Denied Feb. 19, 1969.

———◆———

Bert E. Derden, Houston, for appellant.

David C. Redford, Royston, Rayzor & Cook, Houston, for appellee.

TUNKS, Chief Justice.

In March, 1963, the appellee, Lawrence C. Muller, sold a motor boat to Ernest D. Jones. As consideration for the sale Jones executed his $10,000 note payable to Muller. This note was secured by a chattel mortgage on the boat. The chattel mortgage was duly recorded. Jones defaulted. Muller filed suit against Jones seeking, by his petition, judgment on the note and foreclosure of the mortgage. On January 7, 1964, Muller recovered a judgment against Jones for $10,000 with interest. That judgment made no reference to Muller's petition for foreclosure of the chattel mortgage and the boat, apparently, remained in possession of Jones.

In June, 1965, Jones sold the boat to the appellant, William DeBord, for $6,750. In April, 1966, DeBord sold the boat to Ira T. Anderson for $8,500. In March, 1967, Muller filed suit against DeBord and Anderson alleging a cause of action for conversion of the boat on which he had an allegedly valid and subsisting mortgage of which they had actual or constructive notice. DeBord answered by general denial and filed a cross-action against Jones. Anderson's original answer was only a general denial. As hereafter noted he later amended that answer. He filed a cross-action against DeBord.

On December 9, 1967, Muller filed a motion for summary judgment against both defendants, DeBord and Anderson. By admissions of the defendants in response to interrogatories and by affidavits the above listed sales of the boat, the execution of the note, the execution and recordation of the mortgage and the default on the note were established. In answer to Muller's motion for summary judgment, DeBord filed affidavits which he argues in his brief raised " * * * the issue of fact as to the right of the seller Ernest D. Jones' authority to transfer the registration number of an undocumented vessel with the Texas Highway Department at Austin, Texas * * *." This "issue" is allegedly raised by the affidavit of the broker who handled the sale from Jones to DeBord as to what Jones told him—the broker.

Article 1722a, Vernon's Ann.P.C., the Texas Water Safety Act, provides for registration with the State Highway Department of boats operated in Texas and not required by federal law to be documented by the United States Bureau of Customs. Penalties are provided for failure to comply. The purpose of the statute is to promote safety in the use, operation and equipment of boats. It has nothing to do with the cause of action alleged by Muller against DeBord, which cause of action is based on conversion. Conversion is the unauthorized assumption and exercise of the right of ownership over chattels belonging to another, to the exclusion of the owners' rights. Rice v. Lambert, Tex.Civ.App., 408 S.W.2d 287, no writ hist. Compliance or non-compliance with the Water Safety Act by any of the transferors of the boat here involved is wholly irrelevant to the cause

of action alleged by Muller. Furthermore, the affidavit by which it is suggested that such issue is raised is based on what Jones, not a party to this suit, told the affiant and is hearsay. As such it did not raise an issue that would preclude the granting of the motion for summary judgment. Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, err. ref.

Muller's motion for summary judgment against DeBord was heard by the trial court on January 2, 1968. The record does not reflect that the trial judge announced his ruling on that date. Rather, he apparently took the matter under advisement—the parties in oral argument before this court seem to agree that this is what occurred.

On January 3, 1968, the day after plaintiff's motion for summary judgment was presented and heard, the defendant, DeBord, filed a motion for summary judgment against the plaintiff. It was in this motion that DeBord, for the first time, asserted the defense that the judgment rendered on January 7, 1964 in Muller's suit against Jones, was res judicata of Muller's claim to a chattel mortgage lien on the boat. DeBord's motion for summary judgment against Muller was heard by the trial court on February 26, 1968. At that date no judgment on Muller's motion for summary judgment against DeBord had been signed, nor, so far as the record shows, had any ruling on it been announced by the trial judge. The record does not reflect that on January 2, 1968, or at any time before that date, the defendant, DeBord, requested any extension of time in which to file additional pleadings or additional proof in opposition to plaintiff's motion for summary judgment. Nor does the record show that at any time before or after the hearing of plaintiff's motion for summary judgment on January 2, 1968, the defendant, DeBord, requested the trial court to hear further proof in opposition to plaintiff's motion for summary judgment.

On May 15, 1968, the trial court "SIGNED, RENDERED and ENTERED" judg-ment reciting that Muller's motion for summary judgment against DeBord was heard on January 2, 1968 and that the court was of the opinion that it should be granted and that on February 26, 1968, DeBord's motion for summary judgment against Muller was heard and that the court was of the opinion that it should be overruled. Judgment was rendered by the court according to such recitations and conclusions. That is the judgment from which DeBord has appealed to this Court.

As noted above, Anderson's original answer to Muller's suit against him was merely a general denial. However, on January 2, 1968, Anderson filed an amended answer in which he alleged the defense of res judicata based upon pleadings and judgment in the former suit by Muller against Jones. The record does not show whether Anderson's amended answer was filed before or after Muller's motion for summary judgment against DeBord was heard. By a judgment "SIGNED, RENDERED AND ENTERED" on March 14, 1968, it was recited that Muller's motion for summary judgment against Anderson and Anderson's motion for summary judgment against Muller were heard. Judgment was rendered overruling Muller's motion and granting Anderson's. Muller did not appeal.

■ Muller, in his 1963 suit against Jones, pleaded a cause of action not only for a money judgment on the promissory note of which he was payee, but also for the establishment and foreclosure of a chattel mortgage lien on the boat. The judgment in that case, which became final, awarded a recovery for a money judgment on the note but was silent as to the existence and foreclosure of the lien. Under those circumstances that judgment became a bar, under any proper and timely plea of res judicata, to any subsequent suit by Muller against Jones or any successor to Jones' title seeking to establish or foreclose his claimed lien. Vance v. Wilson (Tex. Sup.Ct.), 382 S.W.2d 107.

■ DeBord did not plead the defense of res judicata either before or after the January 2, 1968 hearing on Muller's motion for summary judgment against him. It is a defense which must, under Rule 94, Texas Rules of Civil Procedure, be affirmatively pleaded, if it is to be available to the defendant in a regular trial on the merits of the case. However, the court in determining whether questions of fact exist which will prevent the granting of the motion for summary judgment is not limited to the issues pleaded. If affidavits, depositions, admissions or other forms of evidence which the court may properly consider and which are presented in opposition to the motion for summary judgment raise questions of fact which, if pleaded, would constitute a defense, the motion should be overruled. Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233; Nix v. Davis, Tex.Civ.App., 358 S.W.2d 225, no writ hist.

■ Rule 166–A, paragraph (c), T.R.C.P., provides that a motion for summary judgment must be served upon the opposing party at least ten days before the time specified for the hearing. It then provides that "The adverse party *prior to the day of hearing* may serve opposing affidavits." (Emphasis added). Other provisions of the rule provide that the court may permit affidavits to be supplemented by further affidavits and that the court may, for just cause shown by affidavit of the adverse party, order a continuance to permit him to further develop his defense to the motion. Here the defendant, DeBord, wholly failed to raise the defense of res judicata by anything filed "prior to the day of hearing" of Muller's motion for summary judgment on January 2, 1968. He did not request of the trial court that he be permitted to supplement the affidavit previously filed by him in such manner as to raise that defense. He did not ask, by affidavit or otherwise, that either the hearing of the motion for summary judgment or the court's ruling thereon be post-

poned so as to permit the presentation of such defense. The court was thus entitled to determine Muller's right to a summary judgment on the basis of the record at the date of the hearing of it, January 2, 1968. On that date nothing on file in the case showed the existence of the defense of res judicata. The lapse of time between the hearing on the motion and the signing and rendition of the judgment on it did not, in the absence of any request therefor by DeBord, constitute a continuance to permit supplemental opposition to the motion. In ruling on the motion the court was not obliged to consider material filed after the hearing. McCormick v. Stowe Lumber Co., Tex.Civ.App., 356 S.W.2d 450, writ ref., n. r. e.; Green v. Smart, Tex.Civ.App., 333 S.W.2d 880, no writ hist.; Jones v. Hubbard, Tex.Civ.App., 302 S.W.2d 493, no writ hist.; Oaxaca v. Lowman, Tex.Civ.App., 297 S.W.2d 729, writ ref., n. r. e.

The trial court, therefore, committed no error in granting Muller's motion for summary judgment against DeBord.

Our conclusions may seem to be an unduly harsh application to DeBord of those principles of our system of jurisprudence which require that cases be tried by rules of law and by the adversary system. However, the facts show that Muller, too, may have been a victim of those principles of that system. The facts show that Muller once had a valid lien on the boat involved securing a debt owed to him by Jones and that that debt, though reduced to judgment, has not been paid. That lien, as against Jones and his successors in ownership of the boat, was lost by the failure of the January 7, 1964 judgment to recite a disposition of it, whether such failure was by inadvertence or not. We may well have here a case of offsetting penalties in the application of the sometimes harsh rules of our system of jurisprudence.

The judgment of the trial court is affirmed.