William DeBORD, Petitioner,

v.

Lawrence C. MULLER, Respondent.

No. B–1436.

Supreme Court of Texas.

Oct. 22, 1969.

Rehearing Denied Nov. 19, 1969.

Bert E. Derden, Houston, for petitioner.

Royston, Rayzor & Cook, David C. Redford and Charles D. Kennedy, Houston, for respondent.

HAMILTON, Justice.

Plaintiff-respondent Lawrence C. Muller brought this suit against co-defendants William DeBord and Ira T. Anderson for the conversion of a boat or, in the alternative, for the foreclosure of a chattel mortgage lien on the boat. The trial court ordered a summary judgment for defendant Anderson against plaintiff and a summary judgment for plaintiff against defendant-petitioner DeBord. Only DeBord has appealed. The Court of Civil Appeals affirmed the judg-

ment of the trial court. 437 S.W.2d 285. We reverse the judgment of the Court of Civil Appeals and remand the cause to the trial court.

On May 7, 1963, Earnest D. Jones executed a $10,000 promissory demand note to plaintiff Muller and as security Jones executed a chattel mortgage on his Chris Craft boat. The mortgage was duly recorded September 27, 1963. Plaintiff demanded payment of the note but Jones refused to pay same. In his suit against Jones, Cause No. 627,665 in the Harris County District Court, plaintiff in his petition sought a $10,000 money judgment and foreclosure of the chattel mortgage lien. The January 7, 1964, judgment was rendered for $10,000 against Jones but the judgment was silent on plaintiff's prayer for foreclosure of the chattel mortgage lien. This judgment remains unpaid. On June 7, 1965, Jones sold the boat to defendant DeBord, supposedly free and clear of all liens. On April 16, 1966, DeBord sold the boat to defendant Anderson. Plaintiff Muller filed this suit against both DeBord and Anderson on March 29, 1967.

In this suit plaintiff seeks damages for conversion of the boat, or in the alternative for foreclosure of the chattel mortgage lien. Plaintiff sued for conversion because at the time that defendant DeBord purchased the boat the chattel mortgage was duly recorded. Plaintiff alleges that this recorded mortgage served as constructive notice to defendant DeBord. Defendant DeBord pleaded only a general denial in his original answer.

Following, in chronological order, is a list of the pertinent motions, hearings and judgments occurring in the trial court:

(1) On December 9, 1967, plaintiff filed a motion for summary judgment against defendant DeBord. Supporting such motion were certified copies of the chattel mortgage and the judgment against Jones.

(2) On January 2, 1968, a hearing on plaintiff's motion was held.

(3) On January 3, 1968, defendant De-Bord filed a motion for summary judgment against plaintiff, setting up the defense of res judicata. Supporting such motion were certified copies of plaintiff's judgment and pleading against Jones.

(4) On February 26, 1968, a hearing on defendant DeBord's motion was held.

(5) On May 15, 1968, plaintiff's motion for summary judgment against defendant DeBord was sustained and DeBord's motion for summary judgment against plaintiff was denied.

■ Defendant DeBord's res judicata defense is based on plaintiff's judgment against Jones on January 7, 1964. We agree that under a proper and timely plea of res judicata such judgment against Jones would be a bar to this suit because the judgment was silent on plaintiff's pleading for foreclosure of the chattel mortgage lien. Such silence constituted a final adjudication denying plaintiff's right to enforce his lien. Vance v. Wilson, 382 S.W.2d 107 (Tex.1964).

Plaintiff argues that the defense of res judicata was not timely raised in the trial court. The res judicata defense was raised and supported by summary judgment evidence in defendant DeBord's motion for summary judgment against plaintiff, but such motion was not filed until the day after the hearing on plaintiff's motion for summary judgment against defendant De-Bord. Plaintiff argues that according to the established rule in Texas, the trial court was not obligated to consider any pleading or summary judgment evidence filed after the hearing on plaintiff's motion. Womack v. I. & H. Development Co., 433 S.W.2d 937 (Tex.Civ.App.1968) no writ hist.; McCormick v. Stowe Lumber Co., 356 S.W.2d 450 (Tex.Civ.App.1962) writ ref'd, N.R.E.; Green v. Smart, 333 S.W.2d 880 (Tex.Civ. App.1960) no writ hist.; Jones v. Hubbard, 302 S.W.2d 493 (Tex.Civ.App.1957) writ ref'd., N.R.E.; Oaxaca v. Lowman, 297 S. W.2d 729 (Tex.Civ.App.1956) writ ref'd.,

N.R.E.; Rountree v. Bridwell, 269 S.W.2d 824 (Tex.Civ.App.1954) writ ref'd., N.R.E.

We conclude that the rule of law relied upon by plaintiff is not applicable to the facts of this suit. The facts reveal that after the hearing on plaintiff's motion for summary judgment, the trial court took the motion under advisement. While plaintiff's motion was under advisement and before it was ruled on, defendant DeBord's motion for summary judgment was filed and a hearing held. At the time summary judgment was rendered, both motions and accompanying evidence were before the court and a hearing had been held on each.

 We hold that under the specific facts of this case, both motions for summary judgment were entitled to be treated as of equal dignity because both motions were properly and timely filed under Rule 166–A, Texas Rules of Civil Procedure, and a hearing had been held on each. Rule 166–A provides:

> "A party against whom a claim, * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

Since both motions were properly before the court at the time judgment was rendered, all the evidence accompanying defendant DeBord's motion was likewise evidence to be considered in deciding plaintiff's motion and vice versa. In Futch v. Greer, 353 S.W.2d 896 (Tex.Civ.App.1962) writ ref'd, N.R.E., certiorari denied 372 U.S. 913, 83 S.Ct. 728, 9 L.Ed.2d 721, the court stated:

> "We do not construe Rule 166–A, Texas Rules of Civil Procedure as requiring that a motion for summary judgment can be controverted only by affidavits specifically replying to such motion. In our opinion appellees' own motion for summary judgment supported by affidavits and exhibits attached thereto, together with the deposition of appellee

* * *, constituted sufficient opposition to appellants' motion."

The fact that defendant DeBord's answer does not include the defense of res judicata is not fatal. The summary judgment evidence attached to DeBord's motion was before the trial court and such evidence rendered plaintiff's motion for summary judgment insupportable. Therefore, plaintiff's motion for summary judgment must be denied regardless of defendant DeBord's failure to plead the affirmative defense of res judicata in his answer. Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W.2d 233 (1957).

We cannot grant defendant DeBord's motion for summary judgment because he has not pleaded the affirmative defense of res judicata as required by Rule 94, T.R.C.P.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to the trial court.