**Edwin L. COX, Jr., D/B/A Valley View Cattle Co., Appellant,**

v.

**BANCOKLAHOMA AGRI–SERVICE CORP., Appellee.**

No. 9354.

Court of Appeals of Texas, Amarillo.

Sept. 29, 1982.

Rehearing Denied Oct. 29, 1982.

Stokes, Carnahan & Fields, Robert N. Carnahan, Amarillo, for appellant.

Whittenburg, Whittenburg & Schachter, George Whittenburg and David Mullin, Amarillo, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This appeal from a summary judgment presents various Uniform Commercial Code questions about the right of a secured creditor to recover the value of the secured property from the person who buys it from the debtor. We resolve all issues in favor of the secured creditor and affirm.

The summary judgment evidence reveals the following sequence of events. In April of 1979, James T. Harmon ("Harmon") purchased 367 head of cattle in New Mexico and shipped them to pasture land in Randall County, Texas. In May of 1979, he gave appellee Bancoklahoma Agri-Service Corp. ("the Bank") a security interest in the cattle, agreeing among other things that he would not sell the cattle without the prior written consent of the Bank. The cattle remained on the pasture land until September 10, 1979, when, without the Bank's consent, Harmon sold 206 head to appellant Edwin L. Cox, Jr. ("Cox") for $112,180.11. Cox sold the cattle to another person soon

after he purchased them. Harmon had previously sold cattle in which the Bank had a security interest, without written consent of the Bank, but the circumstances surrounding those sales are in dispute.

Relying on its security interest in the 206 head, the Bank sued Cox for their conversion. After various discovery proceedings, the Bank filed a motion for summary judgment on its cause of action. Cox did not file a response, but filed his own motion for summary judgment, contending that, under Tex.Bus. & Com.Code Ann. § 9.307 (Vernon 1974),[1] he took the cattle free of the Bank's lien and also contending that the Bank waived its security interest. After the Bank responded to Cox's motion, the trial court granted the Bank's motion and denied Cox's motion.

In this court, Cox advances two points of error. He first contends that he conclusively established that Harmon was not a person engaged in farming operations; thus Cox was entitled to take the cattle free of the Bank's security interest under § 9.307(a). He then contends that he conclusively established that the Bank waived its security interest. Alternatively, under each point, Cox says there is a fact question on each defense. Cox's only attack on the cause of action established by the Bank comes in a supplemental brief, in which Cox argues that the Bank failed to establish an essential element of its cause of action. We will resolve the issues in the order of their presentation. Before specifically discussing them, however, we must state the general principles applicable to summary judgment proceedings.[2]

A summary judgment is sustainable only if the movant has conclusively established that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Tex.R.Civ.Pro. 166–A. The trial and appellate courts must resolve all doubts about the existence of a genuine issue as to a material fact against the movant. The evidence must be viewed in a light most favorable to the non-movant, conflicts in the evidence are ignored and the evidence which tends to support the position of the non-movant is accepted as true. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). However, the summary judgment evidence must be in a form admissible at a conventional trial and must state facts, not subjective opinions and conclusions. *Harbour Heights Development, Inc. v. Seaback,* 596 S.W.2d 296 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Wise v. Dallas Southwest Media Corp.,* 596 S.W.2d 533 (Tex.Civ.App.—Beaumont 1979, no writ). Additionally, unless a non-movant against whom summary judgment is granted has filed a response to the motion for summary judgment, the only issue before the appellate court is whether the grounds expressly presented by the movant's motion are insufficient as a matter of law to support the summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Cox's points will be resolved within the framework of these principles.

The first point is predicated on sections 9.307(a) and 9.109(3), (4) of the Business and Commerce Code. Section 9.307(a) states:

(a) A buyer in ordinary course of business (Subdivision (9) of Section 1.201) other than a person buying farm products from a person engaging in farm operations takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence.

Section 9.109, subsections (3) and (4), define farm products and inventory as follows:

Goods are:

\*　　\*　　\*　　\*　　\*　　\*

(3) "farm products" if they are crops or livestock or supplies used or produced

---

1. All section references are from the Texas Business & Commerce Code, Tex.Bus. & Com. Code Ann. (Vernon 1974).

2. *See* Hittner, *Summary Judgments in Texas,* 1981 Annual Survey, 21 S.Tex.L.J. 1 (1981), for a complete review of summary judgment principles.

in farming operations ... and if they are in the possession of a debtor engaged in raising, fattening, grazing or other farming operations. If goods are farm products they are neither equipment nor inventory;

(4) "inventory" if they are held by a person who holds them for sale or lease or to be furnished under contracts of service or if he has so furnished them, or if they are raw materials, work in process or materials used or consumed in a business. Inventory of a person is not to be classified as his equipment.

Cox first argues that his summary judgment evidence conclusively established that Harmon was not a person engaged in farming operations because Harmon was not selling farm products as defined by § 9.109(3). We conclude that Cox did not meet his burden.

█ It is undisputed that Harmon purchased the cattle in April, 1979, when they had an average weight of approximately 466 pounds, placed them on pasture land and grazed them until September, 1979, then sold 206 head to Cox when they had an average weight of 659 pounds. We also observe that in the security agreement Harmon "warrants that the collateral is to be used primarily for farming or livestock operations." Thus, consistent with the definition of farm products in § 9.109(3), the cattle were "livestock ... in the possession of a debtor engaged in ... fattening, grazing or other farming operations." It follows that Cox did not establish as a matter of law that the cattle were not farm products.

Although we have not found any Texas cases directly in point on this issue, a Fifth Circuit decision applying Texas law and decisions from other jurisdictions having identical Uniform Commercial Code provisions are consistent with our conclusion. *See, e.g., Weisbart & Co. v. First Nat. Bank of Dalhart,* Tex., 568 F.2d 391, 394, fn. 3 (5th Cir.1978); *Swift & Company v. Jamestown National Bank,* 426 F.2d 1099, 1102 (8th Cir.1970); *First State Bank v. Producers Livestock Mktg.,* 200 Neb. 12, 261 N.W.2d 854, 858 (1978).

█ Cox points to affidavit testimony by Harmon that he was a cattle trader, not a farmer, and that he held the cattle for inventory. That testimony, says Cox, conclusively establishes that the cattle were inventory under § 9.109(4) or at least raises a fact question on the issue.[3] However, the statements are mere conclusions and, under the general principles stated at the outset, do not meet the requirement that summary judgment evidence be in admissible form. We conclude that Cox failed to conclusively establish that the cattle were inventory or were not farm products and failed to raise a fact issue on the matter. Point of error one is overruled.

By his second point, Cox contends that he proved conclusively that the Bank waived its security interest in the cattle or raised a fact issue on the waiver defense. The point is predicated on summary judgment evidence that Harmon previously sold cattle in which the Bank had a security interest without obtaining the Bank's written consent for the sales. This is evidence, says Cox, of a course of dealing under § 1.205 [4]

---

3. The Bank argues that Cox did not preserve his defenses for appellate review because he did not respond to the Bank's motion for summary judgment. A literal application of *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979), supports the Bank's argument. However, *Clear Creek* did not involve cross-motions for summary judgment and did not overrule *DeBord v. Muller,* 446 S.W.2d 299 (Tex.1969). *DeBord* held that, when cross-motions for summary judgment are before the court, all evidence accompanying one motion is likewise evidence to be con-

sidered in deciding the other motion "and vice versa." We interpret *DeBord* to mean that Cox's cross-motion was sufficient to raise his affirmative defenses and preserve them for review. We must follow *DeBord* until the Supreme Court instructs otherwise.

4. § 1.205. Course of Dealing and Usage of Trade

(a) A course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of

or a course of performance under § 2.208[5] that waives the Bank's right to pursue its security interest.

A party relying on an affirmative defense in a summary judgment proceeding must conclusively establish, if movant, or raise a fact issue, if respondent, on every element of the affirmative defense. *Fisher v. First Nat. Bank of Memphis,* Tex., 584 S.W.2d 515, 519 (Tex.Civ.App.—Amarillo 1979, no writ). One of the elements of the affirmative defense of waiver is reliance by the party claiming waiver. Thus, in *Nixon Construction Co. v. Downs,* 441 S.W.2d 284, 286 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ), the court said that waiver, absent an express renunciation, "will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby, unless by his conduct the opposite party has been misled to his prejudice into the honest belief that such waiver was intended or consented to." If conduct does not mislead, it does not constitute waiver. *See Hines v. Jordan,* 228 S.W. 633, 634 (Tex.Civ.App.—Texarkana 1921, writ ref'd).

There is no evidence in the record before us that Cox relied on, or was even aware of, the prior sales by Harmon. Absent such evidence, Cox could neither conclusively establish nor raise a fact issue on the waiver defense.

Point two must also be overruled for several additional reasons. Cox's course of dealing argument under § 1.205 is disposed of by *Fisher v. First Nat. Bank of Memphis,* Tex., *supra,* where this court held under almost identical facts that the secured party did not waive its security interest in certain cattle by acquiescing to prior sales of other cattle subject to the lien. Cox's reliance on a course of performance under § 2.208 is misplaced because that section, by its terms, applies to contracts of sale, not

to security agreements. Section 2.102 confirms that interpretation by stating that, as used in Chapter 2, "contract" and "agreement" are limited to present or future sales of goods. Likewise, § 2.106(a) states that, unless the context requires otherwise, Chapter 2 does not apply to any transaction intended to operate as a security transaction. Point of error two is overruled.

Cox has filed a supplemental brief, with leave of court, in which he argues that the Bank failed to establish an element of its cause of action. The supplemental brief does not contain a point of error and the argument does not relate to the points of error that are properly before the court. Absent fundamental error, which is not present, we can consider only questions of law raised by points of error. Therefore, the supplemental brief presents nothing for review. Tex.R.Civ.Pro. 418; *State Farm Mutual Automobile Ins. Co. v. Cowley,* 468 S.W.2d 353, 354 (Tex.1971); *Gibson v. Hines,* 511 S.W.2d 546, 547 (Tex.Civ.App.—Waco 1974, no writ).

The judgment of the trial court is affirmed.

understanding for interpreting their expressions and other conduct.

**5.** § 2.208. Course of Performance or Practical Construction

(a) Where the contract for sale involves repeated occasions for performance by either

party with knowledge of the nature of the performance and opportunity for objection to it by the other, any course of performance accepted or acquiesced in without objection shall be relevant to determine the meaning of the agreement.