Steve JENNINGS, Appellant,

v.

RADIO STATION KSCS, 96.3 FM, Inc., John Hansen, Mike Baker, Jeff Hunter, Jimmy Stewart, Appellees.

No. 2–85–204–CV.

Court of Appeals of Texas, Fort Worth.

May 8, 1986.

Steve Jennings, pro se.

Bishop, Payne, Lamsens & Brown and Thomas J. Williams, Fort Worth, for appellees.

Before BURDOCK, J., and HUGHES and ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION

ASHWORTH, Justice (Retired, Sitting by Assignment).

Appellant, a prisoner in the Texas Department of Corrections, brought suit pro se against appellees for breach of an oral contract. The trial court granted appellees' motion for summary judgment denying appellant's right of recovery.

We reverse and remand.

Appellant's first amended original petition alleges that his only contact with the outside world is the radio and that he regularly listens to appellee radio station. The petition further alleges: that it is the appellees' policy to regularly state that they play "at least three-in-a-row, or we pay you $25,-000. No bull, more music on KSCS;" that each time appellee plays "five-in-a-row" they actually play only three songs, followed by a brief commercial, and then *two* songs; and that appellant contacted appellee on specific occasions after the station failed to play at least three consecutive songs but appellee refused to pay him $25,-000.00.

Appellees responded by filing special exceptions denying that appellant had stated a cause of action. Appellant filed a "rebuttal" to the special exceptions but declined to further amend his pleadings. Appellees then filed a motion for summary judgment which was granted by the trial court. Appellant did not respond to the motion for summary judgment.

Appellant brings two points of error generally complaining of the trial court's action in granting a summary judgment. Because appellant filed no written response to appellee's motion, however, we cannot consider these points on appeal. Rather, our inquiry is restricted to those issues "expressly presented to the trial court by written motion." *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979); TEX.R.CIV.P. 166-A(c). We must only determine whether the grounds presented by appellee's motion are insufficient as a matter of law to support the summary judgment granted. *Cox v. Bancoklahoma Agri-Service Corp.*, 641 S.W.2d 400, 402 (Tex.Civ.App.—Amarillo 1982, no writ).

Appellee moved for summary judgment on one ground: "that the facts alleged by Plaintiff, even if true, do not state a cause of action, in that Plaintiff's petition reveals that Plaintiff is not a person to whom Defendants owe any duty recognizable under law." Appellees reiterate this contention on appeal, and argue that there can be no enforceable contract because there was no consideration flowing to appellees as offeror. We disagree.

It is elementary contract law that a valuable and sufficient consideration for a contract may consist of either a benefit to the promisor or a loss or detriment to the promisee. *See, e.g., Champlin Petroleum Co. v. Pruitt*, 539 S.W.2d 356, 361 (Tex.Civ. App.—Fort Worth 1976, writ ref'd n.r.e.). Thus when a promisee acts to his detriment in reliance upon a promise, there is sufficient consideration to bind the promisor to his promise. *Henson v. Grayford Oil (Oil & Gas En., Inc.)*, 549 S.W.2d 7, 11 (Tex.Civ. App.—Dallas 1977, writ ref'd n.r.e.). In the instant case, appellant's petition alleged that he stopped listening to KSCS when appellee refused to pay him $25,000.00. Implicit in this statement is an allegation by appellant that he listened to KSCS *because* appellee promised to pay him $25,-000.00 if he could catch the radio station playing fewer than three songs in a row. Appellant thus relied to his detriment. He

could have listened to *any* station, but he listened to KSCS because of the promise. Appellee also benefitted by the promise. KSCS gained new listeners, like appellant, who listened in the hope of winning $25,-000.00. We hold that appellant's petition sufficiently alleges a cause of action sounding in breach of contract to necessitate a trial on the merits.

We reverse the summary judgment and remand the cause to the trial court.