# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

------------------
## NO. 03-02-00032-CV
------------------

**Joe B. Freeman and Teresa Freeman, Appellants**

**v.**

**Town of Flower Mound, Appellee**

----------------------------------------------------------------------

**FROM THE DISTRICT COURT OF DENTON COUNTY, 393RD JUDICIAL DISTRICT
NO. 2001-0025-393, HONORABLE VICKI BARBEE ISAACKS, JUDGE PRESIDING**

----------------------------------------------------------------------

Joe B. Freeman and Teresa Freeman appeal from a summary judgment in favor of the Town of Flower Mound in its suit for ad valorem taxes on real property. The Freemans contend that the Town failed to establish the absence of a genuine issue of fact regarding whether it properly sent notice of the assessment of back taxes. The Freemans contend that the affidavit supporting the Town=s motion is unsubstantiated, conclusory, and self-contradictory. We affirm the judgment.

## BACKGROUND

In 2001, the Town sued the Freemans to collect property taxes for the years 1995 through 1998; these taxes were first assessed in January 2000. The Freemans admitted that they owned the property in 1997 and 1998, but denied that they received notice that taxes were due to the Town. The Town moved for summary judgment, supported by an affidavit from Mary Horn, Denton County Tax Assessor/Collector.[1] Horn averred that she learned in December 1999 that the Town had not assessed or collected taxes from 1995 to 1998 on property owned by the Freemans. In her affidavit, she described how her office customarily collects supplemental taxes, including the practice of not retaining a copy of the tax bills sent out. *See* Tex. Tax Code Ann. ' 26.15(3) (West 2001). She averred that, to the best of her knowledge, the customary practice was followed. Horn then averred that, pursuant to the office=s custom and practice, a supplemental tax bill was sent to the Freemans. She attached to her affidavit copies of a delinquent tax statement and portions of supplemental tax rolls and the current tax roll.

The Freemans also moved for summary judgment, alleging that they did not owe any taxes, penalty, or interest because the Town did not send them proper notice of the taxes due. They attached an affidavit adopting the allegations in their motion as true, as well as correspondence between themselves and the Town regarding their payment of the taxes, the applicability of the notice requirements, and the Town=s inability to produce copies of the notices sent to the Freemans.

---

[1] The Denton County Tax Assessor/Collector collects taxes for the Town. For simplicity, actions taken by that office on the Town=s behalf will be referred to as actions taken by the Town.

The district court denied the Freemans= motion and rendered judgment for the Town. Although finding the Freemans not personally liable for the taxable years 1995 and 1996, the court found that the Town was due $2407.93, an amount that included taxes, penalties, and interest for taxable years 1995 through 1998. The court further decreed that a lien existed against the real property, foreclosed on the lien, and ordered the sale of the property.

## DISCUSSION

When reviewing a summary judgment, we must determine whether the record shows that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999). The movant must establish entitlement to judgment even if the non-movant does not respond to the motion. *Id.* at 223. When parties file cross-motions for summary judgment, the court may consider evidence attached to one motion when considering the merits of the opposite motion. *DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex. 1969).

The Freemans contend that the Town failed to establish the absence of genuine issues of material fact regarding whether it sent them notice of the back taxes due in 2000 with an explanation of the taxes. *See* Tex. Tax Code Ann. ' ' 25.21, 26.15(e) (West 2001). The Tax Code provides that A[f]ailure to deliver notice [of a change in the appraisal records] as required by this section nullifies the change in the records to the extent the change is applicable to that property owner.@ *Id.* ' 41.11. The Freemans complain that the Town did not prove either that it mailed the supplemental tax bill or an explanation of that supplemental bill. They attack Horn=s affidavit as

conclusory and ineffective to establish either that a bill was mailed to the Freemans or the validity of the tax rolls attached to the Town=s motion.

The Freemans ignore two critical Tax Code sections that render the Town=s proof sufficient to support their liability. The Legislature has determined that the A[f]ailure to send or receive the tax bill required by this section does not affect the validity of the tax, penalty, or interest, the due date, the existence of a tax lien, or any procedure instituted to collect a tax.@ *Id.* ' 31.01(g). The Legislature has defined how entities may prove tax liabilities:

> In a suit to collect a delinquent tax, the taxing unit=s current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

*Id.* ' 33.47(a). The Town attached copies of the portions of the current tax roll and supplemental tax roll relating to the relevant property. These show the taxes, penalties, and interest due on the property. Horn attested that these taxes were determined due by the Denton County Central Appraisal District. The Freemans argue that the affidavit is unreliable because of an internal conflict between statements regarding the customary procedures and an assertion that particular procedures were followed. Even if their argument about internal conflict is correct, the presentation of the tax rolls entitles the Town to the statutory presumption that the Town=s representatives did their duty relating to the imposition of the tax; this includes mailing a proper notice to the Freemans.

**4**

The Freemans contend in their reply brief that the Town cannot rely on the statutory presumption because the Town did not plead it in the motion for summary judgment. The statute, entitled ATax Records as Evidence,@ prescribes the effect of the introduction of the tax rolls. *See id.* ' 33.47(a). In stating that the tax rolls constitute *prima facie* evidence of compliance with the statutory requirements, the statute does not require any action other than introduction of the tax rolls to prove the *prima facie* case. *See id.* Absent contrary authority, we will not impute a requirement that taxing authorities must expressly plead this statute to invoke the statutory presumption. The Town is thus entitled to summary judgment unless the Freemans controverted the *prima facie* case.

The Freemans alleged in their motion for summary judgment that they did not receive notice of the supplemental taxes due in 2000. They attached Joe Freeman=s affidavit in which he averred that he had personal knowledge of the facts stated in the Freemans= motion and swore that they were true and correct. We cannot, however, consider sworn pleadings or affidavits adopting pleadings as evidence. *Dickerson v. Trinity-Western Title Co.*, 985 S.W.2d 687, (Tex. App.CFort Worth 1999, pet. denied); *Fisher v. Yates*, 953 S.W.2d 370, 383 (Tex. App.CTexarkana 1997), *writ denied*, 988 S.W.2d 730 (Tex. 1998); *see also Laidlaw Waste Sys. v. City of Wilmer*, 904 S.W.2d 656, 661 (Tex. 1995); *Hidalgo v. Surety Sav. & Loan Ass=n*, 462 S.W.2d 540, 545 (Tex. 1971). Further, the Legislature has determined that the failure to send or receive the tax bill does not affect the validity of the tax, penalty, interest, or date due. *See* Tex. Tax Code Ann. ' 31.01(g) (West 2001). The remainder of the summary judgment proof submitted by the Freemans consists of letters from the Town=s representatives explaining applicable tax statutes, the Town=s reasons for not keeping copies of tax statements, and the method for applying payments (*pro rata* to taxes, penalties, and interest

**5**

rather than dedicating it all to taxes).  These letters do not contradict the Town=s *prima facie* case.

The Town is thus entitled to summary judgment.  *See Rhodes v. City of Austin*, 584 S.W.2d 917, 924

(Tex. Civ. App.CTyler 1979, writ ref=d n.r.e.).

## CONCLUSION

Bound by the Tax Code and supreme court precedent, we resolve the Freemans=issues

in favor of the judgment.  The court accordingly did not err by rendering judgment for the Town.

We affirm the judgment.

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   May 16, 2002

Do Not Publish

6