**AFFIRMED; Opinion Filed November 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01108-CV

**EUGENE LOPEZ, Appellant**
**V.**
**JOHN SANCHEZ, Appellee**

**On Appeal from the Collin County Probate**
**Collin County, Texas**
**Trial Court Cause No. PB-001-149-03**

## MEMORANDUM OPINION

Before Justices Lang, Evans, and Whitehill
Opinion by Justice Evans

Eugene Lopez appeals the trial court's summary judgment dismissing his claims against

John Sanchez. Bringing four issues, Lopez contends the trial court erred in granting summary

judgment on his claims for breach of contract and unjust enrichment, as well as his request for

specific performance, because there are material fact issues with respect to those claims. We

affirm the trial court's judgment.

### FACTUAL BACKGROUND

The following facts were established by the summary judgment evidence. On August 11,

2007, Lopez signed a rental agreement pursuant to which he agreed to pay $850 a month for use

of a residence located at 804 W. Louisiana Street in McKinney, Texas ("Louisiana Street

Property"). The term of the lease agreement was twenty-four months. After the lease period

ended, Lopez continued to rent the premises on a month-to-month basis.  Starting in November 2010, Lopez began failing to pay the rental fee in a timely manner.

In 2012, however, Lopez presented Sanchez with a new lease agreement that granted Lopez an option to buy the Louisiana Street Property.  According to Lopez, the option was based on several discussions he had had with Sanchez.  The written agreement was dated April 6, 2012, and stated the rent was $850 per month, with a lease term of September 1, 2007 to September 1, 2010 and on a month-to-month basis thereafter.  The agreement further stated that:

> In the event the lessee (Eugene Lopez) decides to purchase the property listed in this agreement, the lessor agrees to refund the lessee, (Eugene Lopez) four hundred and seventeen dollars for each month of occupancy that the lessee paid the lease sum.  This refund will be applied to the purchase price of the property.  Lessor also agrees to the purchase price of the property listed in this agreement to be set at ten thousand dollars.  This agreement of price is to take place only in the event that the lessee occupies or maintains the lease sum for at least two years of this lease agreement.  If the lessee and the lessor reach this purchase point of this lease agreement and the lessee (Eugene Lopez) does indeed wish to purchase the property listed in this agreement, than [sic] all obligations to the lessor will have been met due to the aforementioned refund of four hundred and seventeen dollars per month of occupancy or lease payment.  The lessor will need to sign over the deed of ownership to the lessee (Eugene Lopez) without further compensation including closing cost.  At this point lessee (Eugene Lopez) will assume full ownership of property and the lessor will have no further responsibility or vested interest for anything on or around the property.

As of April 6, 2012, Lopez was more than six months in arrears on his rental payments for the Louisiana Street Property.  Sanchez testified it was his understanding that the purpose of the 2012 agreement was to allow Lopez to obtain rental assistance from the government or a charitable organization to pay the past due rent.  Sanchez stated Lopez had received money from such organizations in the past and Sanchez had signed other documents to allow him to do so.  In addition, Sanchez testified he was on medication that impaired his ability to read the agreement or understand its consequences at the time he signed the 2012 agreement.

In addition to the 2012 agreement for the Louisiana Street Property, Lopez also drafted and, on or about May 23, 2012, presented Sanchez with a sales agreement for property Sanchez

–2–

owned on W. Virginia Street in McKinney, Texas (the "Virginia Street Property"). The sales agreement stated:

> Seller does hereby agree to sell the property located at 805 W. Virginia St. McKinney, Texas 75069 for the sum of twenty five thousand dollars. The payment of this property will go as follows: The buyer and seller have already agreed on the option to purchase the property at 804 W. Louisiana St. McKinney, Texas. This option has been fully discharged according to terms (***not yet transferred into buyer's name***). The seller will continue to take payments from the buyer at the sum of eight hundred fifty dollars ($850.00) per month. This will continue for a total of thirty (30) months. Since this is a sale, there will be no late fees applied to this agreement. September 2011 will be the final payment for the property located at 805 W. Virginia St. McKinney, Texas 75069. At this time, all obligations to the seller will have been met due to the purchase price agreed on and, the monthly payment price. Also at this point buyer (Eugene Lopez) will assume full ownership of property and the seller will have no further responsibility or vested interest for anything on or around the property.

Sanchez refused to sign this agreement.

At the same time that he presented Sanchez with the written contracts, Lopez also gave Sanchez a check for $850. The check was dated May 23, 2012, and bore the notation "Final Payment on 805 W. Virginia St. McKinney, TX." Sanchez deposited the check but applied the money to the rental payments owed on the Louisiana Street Property. Lopez made no further rental payments after May 23 for the use and occupancy of the Louisiana Street Property. As of January 2014, the total amount of unpaid rent for the Louisiana Street Property according to Sanchez was $13,250.

On December 14, 2014, Lopez filed this suit against Sanchez based on Sanchez's refusal to transfer the properties to him. Lopez asserted claims for violations of the Texas Property Code, breach of contract/anticipatory breach of contract, statutory and common law fraud, violations of the Texas Deceptive Trade Practices Act, unjust enrichment, and conspiracy. He also sought relief in the form of damages, exemplary damages, rescission, constructive trust, and specific performance along with attorney's fees.

Sanchez filed a motion for traditional and no-evidence summary judgment. As part of the motion, Sanchez asserted there was "no evidence to support the satisfaction of any of the elements of the causes of action asserted by [Lopez]," and requested the trial court grant summary judgment as to each claim pursuant to rule 166a(i) of the Texas Rules of Civil Procedure. Sanchez also argued that the alleged 2012 Louisiana Street Property agreement was unenforceable due to lack of consideration, lack of mutual assent, and unconscionable terms. With respect to the Virginia Street Property, Sanchez contended any contract claim was barred by the statute of frauds. In support of the motion, Sanchez submitted affidavit and documentary evidence including the affidavit of a real estate appraiser who valued the Louisiana Street Property and the Virginia Street Property in early 2012 at $65,000 and $60,000 respectively.

Lopez responded to the motion challenging Sanchez's request for summary judgment only as to his claims for breach of contract and unjust enrichment. In support of his response, Lopez submitted his own affidavit as summary judgment evidence. Sanchez objected to the majority of the statements made in Lopez's affidavit contending they were not competent summary judgment evidence. The trial court sustained these objections and granted Sanchez's motion for summary judgment as to all Lopez's claims. Lopez brings this appeal.

## ANALYSIS

### A. Lack of Consideration as to the Louisiana Street Property

In his first issue, Lopez contends the trial court erred in granting summary judgment on his claim for breach of contract. Lopez argues there are material fact issues regarding whether the 2012 Louisiana Street Property agreement failed for lack of consideration, lack of mutual assent, or unconscionability of its terms. With respect to consideration, Lopez contends that "his making payments and making improvements to the house" was sufficient.

1. *Consideration for Option*

An option contract requires consideration for both the option and the underlying contract. *See Hott v. Pearcy/Christon, Inc.*, 663 S.W.2d 851, 853 (Tex. App.—Dallas 1983, writ ref'd n.r.e.). Consideration may consist of either a benefit to the promisor or a loss or detriment to the promisee. *See Jennings v. Radio Station KSCS*, 708 S.W.2d 60, 61 (Tex. App.—Fort Worth 1986, no writ). If a promisee acts to his detriment in reliance on a promise, there is sufficient consideration to bind the promisor. *Id.*

In this case, Lopez has failed to point to any evidence that consideration was given in exchange for the alleged option to purchase the Louisiana Street Property. He contends only that consideration was given in exchange for the property itself. Absent consideration for the option, it is unenforceable. *See Hott*, 663 S.W.2d at 853.

2. *Consideration for Purchase*

With respect to the property itself, Lopez claims he paid consideration to purchase the property through his monthly payments and "improvements to the house." The $850 monthly payments Lopez made were the ones he was legally obligated to pay as rent pursuant to the parties' rental agreement. The only "improvements" Lopez testified to were a repair to the hot water heater and some tree trimming. Lopez provided no evidence, however, that these acts of maintenance were performed as part of the oral agreement or were agreed upon as consideration in exchange for the property. Accordingly, Lopez failed to show he suffered any detriment or loss attributable to the alleged purchase.

Furthermore, Sanchez derived absolutely no benefit from the 2012 Louisiana Street Property agreement. The original 2007 lease agreement required Lopez to pay Sanchez $850 per month in rent for the use and occupancy of the Louisiana Street Property. The terms of the sale agreement drafted by Lopez merely recharacterized portions of past rental payments as payments

towards the purchase of the property. Past consideration cannot be considered consideration for a present contract. *See Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 659–60 (Tex. 2006).

Lopez contends that the consideration was not "past consideration" to purchase the property because it was paid pursuant to an oral agreement between him and Sanchez that Lopez later memorialized in the 2012 Louisiana Street Property agreement. Lopez points to no competent, admitted evidence in the summary judgment record showing that he and Sanchez orally agreed that $417 of each $850 monthly payment would be considered as payment for the property nor that such oral agreement was two or more years before the parties signed the 2012 agreement. Nor has Lopez made any argument or cited any authority for the proposition that this alleged oral agreement, even though later reduced to writing, could effectively act as a novation of the written lease agreement.

### 3. *Conclusion regarding Consideration*

Because the 2012 agreement was not supported by consideration, we conclude the trial court properly granted summary judgment on Lopez's claim for breach of that contract. We resolve Lopez's first issue against him.

**B. Statute of Frauds as to the Virginia Street Property**

In his second issue, Lopez contends the trial court erred in granting summary judgment on his claim for breach of the sales contract relating to the Virginia Street Property. Sanchez moved for summary judgment on the ground that the claim was barred by the statute of frauds. Lopez argues that the unsigned written contract when combined with Sanchez's endorsement and deposit of the check bearing the notation "Final Payment on 805 W. Virginia St. McKinney, TX." was sufficient to satisfy the statute notwithstanding Sanchez's refusal to sign the sales contract the same day as the date of the check.

To satisfy the statute of frauds, a contract for the sale of real property must be in writing and signed by the person to be charged or by someone lawfully authorized to sign for them. *See* TEX. BUS. & COM. CODE ANN. § 26.01 (West 2009). It is well settled that separate instruments executed at the same time, between the same parties, and relating to the same subject matter may be considered together and construed as one contract. *Miles v. Martin*, 321 S.W.2d 62, 65 (Tex. 1959). But this is merely a device for ascertaining and giving effect to the intention of the parties and cannot be applied arbitrarily and without regard to the realities of the situation. *Id.*

Here, Lopez does not contend that separately executed instruments should be read together because Sanchez never executed the written sales agreement. Nor does Lopez contend that the information on the memo line itself is sufficient to satisfy the statute of frauds. Instead, Lopez argues that Sanchez's endorsement on the check that references the Virginia Street Property should be considered his execution of the sales contract Sanchez refused to sign at the same time he accepted the check. Lopez cites no authority that would support such a construction and we have found none. The check contains none of the terms of the alleged sales agreement and, in fact, contradicts the terms of the agreement drafted by Lopez. Under the written, unsigned sales agreement, final payment on the Virginia Street Property was purportedly made in September 2011. In contrast, the check, dated May 23, 2012 stated it was the final payment for the Virginia Street Property. All the payments made by Lopez, however, including the May 23 check, were credited toward the amounts he owed for rent on the Louisiana Street Property. Nothing about the transaction indicates an intent by Sanchez to sell the Virginia Street Property to Lopez on the terms set forth in the agreement Lopez relies upon. We conclude Lopez did not, as a matter of law, produce a writing signed by Sanchez sufficient to satisfy the statute of frauds. We resolve Lopez's second issue against him.

## C. Unjust Enrichment

In his third issue, Lopez argues the trial court erred in granting summary judgment on his claim for unjust enrichment. Lopez contends that, if the written agreements are unenforceable, there is a genuine issue of material fact about whether Sanchez was unjustly enriched by retaining the monthly payments Lopez made because he claims the payments were made in reliance on Sanchez's alleged oral promise to sell him the properties.

Unjust enrichment claims are quasi-contractual in nature. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683 (Tex. 2000). Generally, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory. *See id.* at 684. There is no dispute that the lease agreement signed by Lopez in 2007 was a valid, express contract. This contract covers the subject matter of the parties' dispute. The payments made during the term of the lease agreement are what Lopez claims he paid in reliance on Sanchez's alleged promise to sell him the Louisiana and Virginia properties. Because the lease agreement controls, Lopez cannot recover under an equitable theory that is inconsistent with the lease. *Id.*

To the extent Lopez made payments after the lease term expired, he cannot show that Sanchez unjustly benefitted from retention of those payments. Lopez does not deny that he continued to live at the Louisiana Street Property after the lease term expired. Sanchez's acceptance of Lopez's rental payments without objection rendered Lopez a tenant at will. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 916 (Tex. 2013). Sanchez was entitled to retain the rental payments in exchange for allowing Lopez to continue to occupy the property. Indeed, the evidence shows that Lopez failed to pay for many months of his continued occupancy.

Based on the foregoing, we conclude the trial court properly granted summary judgment on Lopez's claim for unjust enrichment. We resolve Lopez's third issue against him.

**D. Specific Performance**

In his fourth and final issue, Lopez claims the trial court erred in granting summary judgment against him on his request for specific performance. A decree of specific performance must be based on a valid completed contract that possesses the essentials of a binding legal obligation. *See Nash v. Conatser*, 410 S.W.2d 512, 519 (Tex. App.—Dallas 1966, no writ). Furthermore, "the right to the remedy depends upon certain conditions: (a) the contract must be reasonably certain, unambiguous and based upon valuable consideration; (b) it must be fair in all its parts, free from misinterpretation, misapprehension, fraud, mistake, imposition or surprise; (c) the situation of the parties must be such that specific performance will not be harsh or oppressive; and (d) the one seeking the remedy must come into court with clean hands." *Id*. Because there was no valid contract for the sale of either the Louisiana Street Property or the Virginia Street Property as a matter of law, the trial court did not err in denying Lopez's request for specific performance.

We resolve Lopez's fourth issue against him. We affirm the trial court's judgment.

/David W. Evans/
DAVID EVANS
JUSTICE

141108F.P05

–9–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EUGENE LOPEZ, Appellant

No. 05-14-01108-CV          V.

JOHN SANCHEZ, Appellee

On Appeal from the Collin County Probate, Collin County, Texas
Trial Court Cause No. PB-001-149-03.
Opinion delivered by Justice Evans. Justices Lang and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellant EUGENE LOPEZ recover his costs of this appeal from appellee JOHN SANCHEZ.


Judgment entered this 30th day of November, 2015.