Sid W. DICKERSON and Dottie
M. Dickerson, Appellants,

v.

TRINITY-WESTERN TITLE
COMPANY, Appellee.

No. 2–98–075–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 7, 1999.

Rehearing Overruled Feb. 11, 1999.

Publication Ordered March 9, 1999.

Ford, Yungblut, White & Salazar, P.C., Wesley C. Maness, Dallas, for Appellant.

Cantey & Hanger, L.L.P., Perry J. Cockerell, Fort Worth, for Appellee.

Panel B LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

This is an appeal from a summary judgment. Appellants Sid and Dottie Dickerson sued Appellee Trinity–Western Title Company for money damages allegedly caused by Appellee in connection with its handling of the closing transaction at which Appellants acquired title to their new home. Initially, Appellants sued not only Appellee, but also Robert J. Panno d/b/a/ Polo Custom Homes, Henry S. Miller Residential, Inc., and HSM Residential Ltd. d/b/a/ Henry S. Miller Co. Realtors. The trial court granted summary judgment dismissing Appellants' entire cause against Appellee. Without objection from the parties, the court severed Appellants' cause of action against Appellee so the summary judgment could become final and appealable. After summary judgment, Appellants filed a request that the trial court file findings of fact and conclusions of law. The trial court did not comply, and Appellants filed a notice of past due findings and conclusions. *See* Tex.R. Civ. P. 296, 297. Appellants also filed a motion for new trial or rehearing, but the trial court did not grant a hearing on the motion. We affirm in part and reverse and remand in part.

## BACKGROUND

In 1994, Appellants purchased a home in Keller, Texas, from the builder, Polo Custom Homes. The transaction was the subject of a New Home Earnest Money Contract, and the purchase and transfer of title from the builder to Appellants closed at Appellee's office. Appellants' suit complains that although the contract obligates the builder to furnish Appellants with a 10–year warranty on the home, none was furnished. In the trial court, Appellants alleged misrepresentation, negligence, deceptive trade practices, and that they are entitled to recover attorney fees. Appellee answered with a general denial and the affirmative defenses of estoppel, release, and statute of limitations. Appellee also requested attorney fees, which the trial court granted in the summary judgment.

## ISSUES

Appellants' first issue states that the trial court should not have granted Appellee's motion for summary judgment. Their second issue asserts that the court should not have awarded Appellee attorney fees. Appellants argue that because Appellee was the escrow agent for the contract and closed the purchase at Appellee's office, Appellee impliedly warranted that at closing it would determine and assure (a) proper execution and delivery of all conveyances and documents necessary to close the purchase, (b) that all representations, promises, and numbers identified in the closing documents that Appellee drafted were true and correct, not false, and (c) that all consideration for the transaction had passed. It is undisputed that the contract required the builder to furnish Appellants a 10–year home warranty.

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant, in this case Appellee, met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Calvillo v. Gonzalez,*

922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *See Great Am.*, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *See City of Houston*, 589 S.W.2d at 678.

Here, Appellee filed its motion for summary judgment on August 12, 1997. Appellee is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of Appellants' cause of action cannot be established. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). To accomplish this, Appellee was required to present summary judgment evidence that negates an element of Appellants' claim. If that evidence was presented, the burden then shifted to Appellants to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by Appellee. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995). Appellee is entitled to summary judgment on one or more of its affirmative defenses if Appellee conclusively proved all elements of one or more of its affirmatives defenses. *See Friendswood Dev. Co.*, 926 S.W.2d at 282. To accomplish this, Appellee was required to present summary judgment evidence that established each element of the affirmative defense as a matter of law. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996).

## THE MISREPRESENTATION CLAIM

■ As part of its summary judgment proof, Appellee attached the affidavit of Kim Cannady, one of its employees. In her affidavit, she states:

1. My name is Kim Cannady. I am an employee of Alamo Title Company of Tarrant County, Texas, formerly known as Trinity Western Title Company. I am over the age of eighteen and I have not been convicted of a crime. I have personal knowledge of the matters contained herein and they are true and correct.

2. I was the escrow officer in charge of the Panno/Dickerson closing. That closing took place on December 23, 1994. At the closing, Mr. Panno assured me that he would provide the application and paperwork required to accompany the payment of the warrant premium or fee to RWC in order to secure the warranty on the subject home. I contacted Mr. Panno several times after the closing and he informed me that he was working on securing the documentation required to secure the warranty. I also contacted RWC of Texas and was informed that the property that Mr. Panno sold to the Dickersons had never been enrolled under their warranty program. I could not disburse the $600.00 to RWC of Texas without the required documentation and/or on a home that had never been enrolled in the RWC Program.

3. I did not represent to the Dickersons that Trinity–Western Title Company would secure a RWC warranty policy for them. We withheld the sum of money to pay for the warranty that Mr. Panno was to furnish under his contract with the Dickersons.

4. A true and correct copy of the contract between Mr. Panno and the Dickersons is attached as Exhibit B.

5. A true and correct copy of the Acceptance of Title, Survey and Property Waiver of Inspection is attached as Exhibit C.

■ Ms. Cannady's affidavit specifically addresses and denies that Appellee made a knowing misrepresentation to Appellants, and they did not controvert her affidavit. Nevertheless, Ms. Cannady is an "interested" witness because she is employed by Appellee. When uncontroverted summary judgment evidence comes from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *See* TEX.R. CIV. P. 166a(c); *Trico Techs. Corp. v. Montiel,* 949 S.W.2d 308, 310 (Tex.1997). Ms. Cannady's affidavit is clear, positive and direct, and appears credible and free from contradictions and inconsistencies. After carefully reading Appellants' unsworn first amended original petition, we conclude that Appellants could have readily controverted the affidavit had they chosen to do so.

■ Paragraph 75 of the petition shows that Appellants' claim of misrepresentation is based entirely on an entry at line 1305 of the settlement statement prepared by Appellee. The settlement statement allegedly was among the documents Appellants reviewed at the closing. According to the petition, line 1305 showed that the *builder paid* $600 for a 10–year warranty. The unsworn petition alleges that Appellants "felt assured in relying upon that representation." However, the "representation" of line 1305 is consistent with Ms. Cannady's affidavit, which states that Appellee withheld $600 warranty cost from the builder's share of the sales price. Nowhere have Appellants alleged that Appellee did not withhold the money from the builder. The petition alleges that Appellants did not receive the warranty, and the allegations effectively seek to transfer, from the builder to Appellee, the contractual responsibility to furnish a home warranty. Nevertheless, pleadings, even if sworn to, do not constitute summary judgment proof. *See Laidlaw Waste Sys., Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex.1995). The record does not contain a copy of the settlement statement, and Appellants did not controvert Ms. Cannady's affidavit by attaching a copy of the settlement statement to their response to Appellee's motion for summary judgment. Moreover, Appellee was not a party to the New Home Earnest Money Contract that is exhibit B to Ms. Cannady's affidavit supporting Appellee's motion for summary judgment. The only parties to the contract are Appellants, the builder, and the real estate agents. On the subject of the warranty, paragraph 11 of the contract, entitled "Special Provisions," states:

*"Builder* to provied (sic) 10 year RWC warranty." (Emphasis added)

The contract identifies Appellee as the proposed issuer of a title insurance policy and as the "Escrow Agent," nothing else. The contract's paragraph 17 states plainly that the escrow agent is not a party to the contract and has no liability for the performance or non-performance of any party to the contract.

Appellants' only summary judgment proof, filed with their response to the motion for summary judgment, is the affidavit of each appellant. The two affidavits are substantially alike, except that one contains the name of Sid W. Dickerson as affiant and the other contains the name of Dottie M. Dickerson as affiant. The affidavits concede that the obligation to furnish the warranty belonged to the builder and that the builder failed to provide the warranty. Both affidavits recite that the affiant (Appellants) "understood and expected" that he or she could rely on the closing documents prepared by Appellee. The only one of those documents that is material to Appellants' claim of misrepresentation is the settlement statement, which is missing from Appellants' summary judgment proof. Because the settlement statement is not in the record on appeal and was not attached to the affidavit of either appellant, that document gives Appellants no support in this appeal relative to their misrepresentation claim against Appellee. Moreover, each affidavit concedes (paragraph 9 in his, paragraph 8 in hers) that "they" (title company) were "led to believe that the Warranty was in place at closing." That statement by Appellants is an admission that

Appellee merely passed along the information Appellee had received. That is not the same as an assertion that Appellee misrepresented facts it knew were false. The affidavits also concede (paragraph 10, each affidavit) that after the closing, Appellee notified Appellants that "the Warranty was never actually put in place." And to learn why, Appellants asked the builder, whose obligation it was to furnish the warranty. He told them he was unable to pay the cost of the warranty.

The settlement statement is not before us for this appeal, and the record does not include any summary judgment proof that there was a knowing misrepresentation by Appellee concerning the home's warranty. Appellants' affidavits relate what Appellants "understood" and "expected" in the transaction, but their summary judgment proof does not create genuine issues of material fact as to whether Appellee made knowing misrepresentations to them. Accordingly, Appellee is entitled to summary judgment that Appellants take nothing on their cause of action against Appellee for misrepresentation.

### THE NEGLIGENCE CLAIM

■ The second cause of action asserted against Appellee in Appellants' first amended original petition claims that Appellee had a duty to Appellants to determine that all of the consideration for the transaction had passed. It is undisputed that the home warranty was part of the consideration for which Appellants bargained in the earnest money contract. Their petition asserts that Appellee negligently breached its duty, proximately causing them damages, by not determining at closing that all consideration required by the contract had passed.

The state's insurance code defines what is meant by "closing" the sale of real property where its owners will have their title to the property insured against loss or damage suffered by reason of liens, encumbrances upon, or defects in the title:

"Closing the Transaction" means the investigation made on behalf of a title insurance company, title insurance agent, or direct operation before the actual issuance of the title policy to determine proper execution,

acknowledgment, and delivery of all conveyances, mortgage papers, and other title instruments which may be necessary to the consummation of the transaction *and includes the determination that* all delinquent taxes are paid, all current taxes, based on the latest available information, have been properly prorated between the purchaser and seller in the case of an owner policy, *the consideration has been passed,* all proceeds have been properly disbursed, a final search of the title has been made, and all necessary papers have been filed for record.

TEX. INS.CODE ANN. § 9.02(n) (Vernon Supp. 1999). (Emphasis added). Appellee's motion for summary judgment, and its summary judgment proof, do not address the question of whether it did or did not owe Appellants a duty to determine at closing whether the builder had obtained the home warranty; or whether, if that duty existed, Appellee did or did not negligently breach it. Accordingly, Appellee is not entitled to summary judgment that Appellants take nothing on their claim for negligence.

### THE DECEPTIVE TRADE PRACTICES CLAIM

■ Appellants' first amended original petition also asserts a cause of action against Appellee for deceptive trade practices. *See* TEX. BUS. & COM.CODE ANN. § 17.50(a)(2) (Vernon 1997)(herein DTPA). Appellee's motion for summary judgment challenges the DTPA portion of Appellants' complaint on grounds that (1) Appellee never made a representation to Appellants about the home warranty, and (2) Appellee's inability to obtain the home warranty was not a producing cause of damages to Appellants. However, those two challenges do not address the theory of Appellants' DTPA claim. Under section 17.50(a)(2), a consumer may maintain an action where a defendant's breach of an express or implied warranty is a producing cause of damages. *See id.* The DTPA theory pled by Appellants is that they were entitled to rely on an implied warranty by Appellee; that in its role as escrow agent, it would determine at closing that all consideration for the transaction, such as the home's warranty,

has passed in accord with the earnest money contract. Appellants' first amended original petition alleges that Appellee breached that implied warranty and that the breach was both a proximate and a producing cause of Appellant's damages.[1]

Because Appellee's motion for summary judgment and summary judgment proof do not address those issues, Appellee is not entitled to summary judgment that Appellants take nothing on their DTPA claim.

## NO RELEASE

■ Appellee contends that at the closing, Appellants accepted the home and executed a written release in favor of Appellee. We do not agree. Appellee included that document as part of its summary judgment proof. The document is entitled "Acceptance of Title, Survey and Property, Waiver of Inspection." However, the release provisions in the document do not address or relate to the 10–year warranty that the builder contracted to provide for the home. The document, which Appellants signed, simply confirms that Appellee has not "made any warranties or representations as to the *condition* of the above referenced property." (Emphasis added). The document merely releases Appellee from liability connected with the home's condition. The release does not entitle Appellee to summary judgment that Appellants have released the claims they assert in this suit and, therefore, take nothing against Appellee on those claims.

We have reviewed the record and summary judgment evidence under the standards of review already mentioned. We sustain Appellants' first issue to this extent only: the trial court should not have granted summary judgment that Appellants take nothing on their causes of action against Appellee for negligence and for deceptive trade practices. We overrule Appellants' first issue to this extent only: the trial court was correct in granting Appellee a summary judgment that Appellants take nothing on their cause of action against Appellee for its alleged misrepresentation.

1. The correct standard in a DTPA suit is producing cause, not proximate cause. See TEX. BUS. &

## APPELLEE'S ATTORNEY FEES

■ In connection with their second issue, Appellants contend that because Appellee brought no claim against them under a written contract, Appellees had no right to recover attorney fees from Appellants under the civil practice and remedies code, and therefore the trial court should not have awarded Appellee attorney fees. See TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1997). Appellants also maintain that Appellee presented no evidence of Appellants' bad faith or harassment that could entitle Appellee to attorney fees as a defendant in a DTPA suit. See TEX. BUS. & COM.CODE ANN. § 17.50(c) (Vernon 1997).

■ Appellee replies that its motion for summary judgment asserted its rights to attorney fees under both section 38.001 and section 17.50(c). Appellee insists that, in addition to those statutory provisions, Appellee's plea for attorney fees also was based on the provisions of the earnest money contract. We agree, and we reject Appellants' theory that because their suit asserts tort claims, it is unrelated to the earnest money contract. Appellants' suit is "related" to the contract. That contract, paragraph 16, entitles Appellee to reasonable attorney fees if it is "a prevailing party in any legal proceeding brought under or with relation to" the contract. Here, the summary judgment awarded Appellee its attorney fees without stating the grounds for the award. A trial court is not required to state the grounds on which it grants summary judgment. See *Hall v. Stephenson*, 919 S.W.2d 454, 464 (Tex.App.— Fort Worth 1996, writ denied). Nor is a trial court required to make findings of fact and conclusions of law in a summary judgment proceeding. See *State v. Easley*, 404 S.W.2d 296, 297 (Tex.1966).

We overrule Appellants' second issue because we find that contract paragraph 16's provisions do allow the trial court to award Appellee attorney fees in connection with the defense of this suit from its inception

COM.CODE ANN. § 17.50(a)(2) (Vernon 1997).

through the summary judgment proceeding, provided Appellee is "a prevailing party."

Appellee's single cross-point asserts that we should affirm the trial court's award of attorney fees if we find any of Appellee's theories for those fees meritorious. We overrule Appellee's cross-point, because the summary judgment grants Appellee attorney fees as a "prevailing party" on *all* of Appellants' claims. Although Appellee has prevailed on the misrepresentation claim, there is no prevailing party on the negligence and DTPA claims because those are yet to be finally resolved.

## CONCLUSION

Because we have found that Appellee is entitled to only a partial summary judgment that Appellants take nothing against Appellee on their cause of action for Appellee's alleged misrepresentation, we affirm the trial court's summary judgment only to that extent. We reverse the remainder of the trial court's judgment and remand for trial Appellants' causes of action that seek damages for Appellee's alleged negligence and alleged deceptive trade practices. We also remand the issue of Appellee's attorney fees for the trial court's reconsideration in a manner consistent with this opinion.