TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00032-CV







Joe B. Freeman and Teresa Freeman, Appellants




v.




Town of Flower Mound, Appellee








FROM THE DISTRICT COURT OF DENTON COUNTY, 393RD JUDICIAL DISTRICT


NO. 2001-0025-393, HONORABLE VICKI BARBEE ISAACKS, JUDGE PRESIDING








 Joe B. Freeman and Teresa Freeman appeal from a summary judgment in favor of the
Town of Flower Mound in its suit for ad valorem taxes on real property. The Freemans contend that
the Town failed to establish the absence of a genuine issue of fact regarding whether it properly sent
notice of the assessment of back taxes. The Freemans contend that the affidavit supporting the
Town's motion is unsubstantiated, conclusory, and self-contradictory. We affirm the judgment.


BACKGROUND


 In 2001, the Town sued the Freemans to collect property taxes for the years 1995
through 1998; these taxes were first assessed in January 2000. The Freemans admitted that they
owned the property in 1997 and 1998, but denied that they received notice that taxes were due to the
Town. The Town moved for summary judgment, supported by an affidavit from Mary Horn, Denton
County Tax Assessor/Collector. (1) Horn averred that she learned in December 1999 that the Town
had not assessed or collected taxes from 1995 to 1998 on property owned by the Freemans. In her
affidavit, she described how her office customarily collects supplemental taxes, including the
practice of not retaining a copy of the tax bills sent out. See Tex. Tax Code Ann. § 26.15(3) (West
2001). She averred that, to the best of her knowledge, the customary practice was followed. Horn
then averred that, pursuant to the office's custom and practice, a supplemental tax bill was sent to
the Freemans. She attached to her affidavit copies of a delinquent tax statement and portions of
supplemental tax rolls and the current tax roll.

 The Freemans also moved for summary judgment, alleging that they did not owe any
taxes, penalty, or interest because the Town did not send them proper notice of the taxes due. They
attached an affidavit adopting the allegations in their motion as true, as well as correspondence
between themselves and the Town regarding their payment of the taxes, the applicability of the
notice requirements, and the Town's inability to produce copies of the notices sent to the Freemans.

 The district court denied the Freemans' motion and rendered judgment for the Town. 
Although finding the Freemans not personally liable for the taxable years 1995 and 1996, the court
found that the Town was due $2407.93, an amount that included taxes, penalties, and interest for
taxable years 1995 through 1998. The court further decreed that a lien existed against the real
property, foreclosed on the lien, and ordered the sale of the property.


DISCUSSION


 When reviewing a summary judgment, we must determine whether the record shows
that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222 (Tex. 1999). 
The movant must establish entitlement to judgment even if the non-movant does not respond to the
motion. Id. at 223. When parties file cross-motions for summary judgment, the court may consider
evidence attached to one motion when considering the merits of the opposite motion. DeBord v.
Muller, 446 S.W.2d 299, 301 (Tex. 1969).

 The Freemans contend that the Town failed to establish the absence of genuine issues
of material fact regarding whether it sent them notice of the back taxes due in 2000 with an
explanation of the taxes. See Tex. Tax Code Ann. §§ 25.21, 26.15(e) (West 2001). The Tax Code
provides that "[f]ailure to deliver notice [of a change in the appraisal records] as required by this
section nullifies the change in the records to the extent the change is applicable to that property
owner." Id. § 41.11. The Freemans complain that the Town did not prove either that it mailed the
supplemental tax bill or an explanation of that supplemental bill. They attack Horn's affidavit as
conclusory and ineffective to establish either that a bill was mailed to the Freemans or the validity
of the tax rolls attached to the Town's motion.

 The Freemans ignore two critical Tax Code sections that render the Town's proof
sufficient to support their liability. The Legislature has determined that the "[f]ailure to send or
receive the tax bill required by this section does not affect the validity of the tax, penalty, or interest,
the due date, the existence of a tax lien, or any procedure instituted to collect a tax." Id. § 31.01(g). 
The Legislature has defined how entities may prove tax liabilities:


 In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent
tax roll or certified copies of the entries showing the property and the amount of the
tax and penalties imposed and interest accrued constitute prima facie evidence that
each person charged with a duty relating to the imposition of the tax has complied
with all requirements of law and that the amount of tax alleged to be delinquent
against the property and the amount of penalties and interest due on that tax as listed
are the correct amounts.



Id. § 33.47(a). The Town attached copies of the portions of the current tax roll and supplemental
tax roll relating to the relevant property. These show the taxes, penalties, and interest due on the
property. Horn attested that these taxes were determined due by the Denton County Central
Appraisal District. The Freemans argue that the affidavit is unreliable because of an internal conflict
between statements regarding the customary procedures and an assertion that particular procedures
were followed. Even if their argument about internal conflict is correct, the presentation of the tax
rolls entitles the Town to the statutory presumption that the Town's representatives did their duty
relating to the imposition of the tax; this includes mailing a proper notice to the Freemans.

 The Freemans contend in their reply brief that the Town cannot rely on the statutory
presumption because the Town did not plead it in the motion for summary judgment. The statute,
entitled "Tax Records as Evidence," prescribes the effect of the introduction of the tax rolls. See id.
§ 33.47(a). In stating that the tax rolls constitute prima facie evidence of compliance with the
statutory requirements, the statute does not require any action other than introduction of the tax rolls
to prove the prima facie case. See id. Absent contrary authority, we will not impute a requirement
that taxing authorities must expressly plead this statute to invoke the statutory presumption. The
Town is thus entitled to summary judgment unless the Freemans controverted the prima facie case.

 The Freemans alleged in their motion for summary judgment that they did not receive
notice of the supplemental taxes due in 2000. They attached Joe Freeman's affidavit in which he
averred that he had personal knowledge of the facts stated in the Freemans' motion and swore that
they were true and correct. We cannot, however, consider sworn pleadings or affidavits adopting
pleadings as evidence. Dickerson v. Trinity-Western Title Co., 985 S.W.2d 687, (Tex. App.--Fort
Worth 1999, pet. denied); Fisher v. Yates, 953 S.W.2d 370, 383 (Tex. App.--Texarkana 1997), writ
denied, 988 S.W.2d 730 (Tex. 1998); see also Laidlaw Waste Sys. v. City of Wilmer, 904 S.W.2d
656, 661 (Tex. 1995); Hidalgo v. Surety Sav. & Loan Ass'n, 462 S.W.2d 540, 545 (Tex. 1971). 
Further, the Legislature has determined that the failure to send or receive the tax bill does not affect
the validity of the tax, penalty, interest, or date due. See Tex. Tax Code Ann. § 31.01(g) (West
2001). The remainder of the summary judgment proof submitted by the Freemans consists of letters
from the Town's representatives explaining applicable tax statutes, the Town's reasons for not
keeping copies of tax statements, and the method for applying payments (pro rata to taxes, penalties,
and interest rather than dedicating it all to taxes). These letters do not contradict the Town's prima
facie case. The Town is thus entitled to summary judgment. See Rhodes v. City of Austin, 584
S.W.2d 917, 924 (Tex. Civ. App.--Tyler 1979, writ ref'd n.r.e.).


CONCLUSION


 Bound by the Tax Code and supreme court precedent, we resolve the Freemans'
issues in favor of the judgment. The court accordingly did not err by rendering judgment for the
Town. We affirm the judgment.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: May 16, 2002

Do Not Publish
1. The Denton County Tax Assessor/Collector collects taxes for the Town. For simplicity,
actions taken by that office on the Town's behalf will be referred to as actions taken by the Town.