# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---------------
## NO. 03-01-00356-CV
---------------

**Emma P. Polk and S. G. Billings Real Estate/Linda St. Angelo, Appellants**

**v.**

**Linda St. Angelo/Emma P. Polk and S. G. Billings Real Estate, Appellees**

-------------------------------------------------------------------

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. 98-01194, HONORABLE PAUL DAVIS, JUDGE PRESIDING**

-------------------------------------------------------------------

Linda St. Angelo (ASt. Angelo@) prevailed on claims of negligence and negligent misrepresentation regarding her purchase of a condominium against Emma P. Polk (APolk@), the seller=s real estate agent, and S.G. Billings Real Estate (ABillings@), Polk=s employer. Because the value of settlements St. Angelo made with other parties exceeded the jury=s actual award, the trial court ordered that, as to actual damages, St. Angelo take nothing. However, the trial court awarded attorney=s fees against Polk and Billings based on the earnest money contract. Polk and Billings challenge the trial court=s decision on the grounds that no basis existed for awarding attorney=s fees because the contract was not binding upon them as the brokers to the transaction. St. Angelo files a cross-appeal challenging the take-nothing judgment and attacking portions of the jury verdict. We will affirm the trial court=s judgment.

## BACKGROUND

This dispute arises from the calculation of damages and attorney=s fees in a suit brought by the appellee, St. Angelo, regarding her purchase of a condominium with a leaking roof. The appellants are the seller=s real estate broker in that transaction, Polk, and her employer, Billings. The other parties, the seller and homeowners= association, settled before trial.

The seller had owned the condominium since 1994. The roof leaked severely several times, once forcing the seller to move out so that the homeowners= association could install a new roof. Each time, the homeowners= association repaired the structure and the leaks appeared to stop.

At the end of 1995, Polk was retained to represent the seller in putting the condominium on the market. Together, Polk and the seller filled out and signed a disclosure form stating that the condominium had previously leaked but had undergone structural repairs. They represented on the form that the repairs had been successful. By March of 1996, however, the two discovered a new leak, which was allegedly fixed by the homeowners= association. Polk and the seller continued to market the condominium without amending the disclosure form.

St. Angelo bought the property in September 1996, relying in part on the disclosure form. All persons involved, including the buyer and seller and their respective brokers, signed an earnest money contract which specified the parties= reciprocal obligations and provided attorney=s fees for any suit related to the contract. St. Angelo moved in during October 1996, and the roof began to leak almost immediately. After six months, during which time the homeowners= association had already begun installing a new roof, the leaks became so severe that St. Angelo moved out.

St. Angelo then sued the seller, Polk and Billings, and the homeowners= association, alleging, among other things, violation of the Deceptive Trade Practice Act, Tex. Bus. & Com. Code Ann. ' 17.46 (West Supp 2002) (ADTPA@), common law fraud, negligent misrepresentation, and negligence. Only the claims against Polk and Billings went to trial. The jury found Polk and Billings jointly liable, and comparatively responsible with the seller, for negligent misrepresentation and negligence. St. Angelo did not prevail under the DTPA or her other causes of action. Because the jury found no difference between the value of the condominium as promised and as delivered, the trial court limited damages to St. Angelo=s pecuniary losses. The jury found that Polk=s share of proportionate responsibility made her liable for $36,000 in actual damages.

Because St. Angelo had settled with the seller and the homeowners=association before trial, she had already received two cash settlements and various non-cash benefits. Polk and Billings moved to have the settlement amounts credited on a dollar-for-dollar basis. The trial court found the jury=s award was less than the value of the two settlements and ordered that St. Angelo take nothing by way of actual damages from these defendants. Nevertheless, the trial court awarded $130,601.25 in attorney=s fees and costs against Polk and Billings based on the earnest money contract. Polk and Billings appeal the award of attorney=s fees and the trial court=s determination that attorney=s fees were segregated for the purpose of calculating the settlement credits. St. Angelo, on cross-appeal, challenges the calculation of settlement credits leading to the take-nothing judgment regarding monetary damages and the jury=s failure to find in her favor on her DTPA claim and on the measure of actual damages. St. Angelo also questions the wording of the trial court=s final judgment.

## DISCUSSION

Polk and Billings contend that the trial court had no basis on which to award attorney=s fees to St. Angelo. They argue that attorney=s fees could not be awarded because: (1) negligent misrepresentation and negligence are common law torts; (2) St. Angelo did not prevail on her DTPA claim; and (3) neither Polk nor Billings was a party to the contract. We agree with the first two contentions. Attorney=s fees are not generally available for tort recovery. *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996) (holding that attorney=s fees for tort actions must be provided for by statute or by contract). St. Angelo did not prevail on her DTPA claim and cannot claim statutory attorney=s fees under the DTPA. *See* Tex. Bus. & Com. Code Ann. ' 17.50(d) (West Supp. 2002) (awarding attorney=s fees and costs to each consumer who prevails on DTPA claim).

If attorney=s fees are available, they must be based on the earnest money contract. When a contract term is unambiguous, we determine the parties= intent from the plain language of the contract. *Receiver for Citizen=s Nat=l Assurance Co. v. Hatley*, 852 S.W.2d 68, 78 (Tex. App.CAustin 1993, no writ). The contract in question is a form contract, promulgated by the Texas Real Estate Commission and designed to facilitate uniform transactions and application. It is signed by the buyer and seller of a piece of real estate, as parties, and by the brokers involved in the transaction. The buyer=s and seller=s signatures indicate their obligations regarding the sale of the property; the brokers= signatures indicate their intent to split the commission. While most of the contract sets forth the reciprocal obligations of only the buyer and seller, paragraph 16 specifically references the brokers involved in the sale. Paragraph 16 reads as follows:

ATTORNEY=S FEES: If Buyer, Seller, Listing Broker, Other Broker or Escrow agent is a prevailing party in any legal proceeding brought under or with relation to this contract, such party shall be entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney=s fees. The provisions of this paragraph shall survive closing.

Although the contract does not define Aparties@ to include brokers, paragraph 16 specifically references the brokers. Polk, as an employee of Billings, signed the contract. While Polk and Billings are not parties to the underlying reciprocal obligations between buyer and seller, they are still responsible for any liability specifically imposed on them by the terms of the contract.

The contract expressly allows for the recovery of attorney=s fees by a prevailing party, whether it be a buyer, seller, listing broker, other broker or escrow agent from a non-prevailing party for suits arising under or *related to* the contract. The contract does not limit recovery of attorney=s fees to breach of contract claims between the buyer and seller. *See Watkins v. Williamson*, 869 S.W.2d 383, 386-87 (Tex. App.CDallas 1993, no writ) (holding that almost identical contract language entitled any escrow agent, even one who had not signed contract, to attorney=s fees if he prevails on any claim related to contract). We note that the negligent misrepresentation and negligence claims were both directly related to the disclosure statement signed by Polk and the seller. Under paragraph 7 of the contract, St. Angelo retained the right to rescind the sale if Polk and the seller failed to produce a disclosure statement within five days of signing the contract. Any misrepresentation or negligence relating to Polk=s signature on the disclosure form was related to the earnest money contract because the implementation of the contract was contingent on the disclosure form. *See Dickerson v. Trinity-Western Title Co.*, 985 S.W.2d 687, 692-93 (Tex. App.CFort Worth 1999, pet.

denied) (holding that identical contract language entitled parties to attorney=s fees because claim for negligence, misrepresentation, and deceptive trade practices was Arelated to@ contract itself). We hold that, under paragraph 7 of the contract, both negligent misrepresentation and negligence regarding the disclosure form were Arelated to@ the contract and, therefore, were valid grounds for awarding attorney=s fees under paragraph 16. Polk=s and Billings=s claim that no basis existed for awarding attorney=s fees is overruled.

Polk and Billings then argue that, even if attorney=s fees are appropriate, the trial court inappropriately awarded attorney=s fees and costs because St. Angelo was not a prevailing party.[1] To be a Aprevailing party@ for the purposes of a contractual fee-shifting agreement, St. Angelo must show that she has succeeded on the merits. *Weng Enters., Inc. v. Embassy World Travel, Inc.*, 837 S.W.2d 217, 222-23 (Tex. App.CHouston [1st Dist.] 1992, no writ). A Aprevailing party@ successfully prosecutes a claim or defense, prevailing on the main issue even if not to the extent of the original complaint. *See City of Amarillo v. Glick*, 991 S.W.2d 14, 17 (Tex. App.CAmarillo 1997, no pet.). More generally, a prevailing party is one who is vindicated by the trial court=s judgment. *Dear v. City*

---

[1] Although St. Angelo prevailed on two claims, she recovered no monetary damages after the application of the settlement credits for the two pre-verdict settlements. Most fee-shifting statutes relating to tort liability require that a plaintiff recover some monetary damages to be considered eligible for attorney=s fees. *See, e.g.*, *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 292 (Tex. 2001) (holding that plaintiff was not entitled to attorney=s fees under insurance code when insurer had already paid more to plaintiff in benefits than jury had awarded in damages); *Southwestern Bell Mobile Sys., Inc. v. Franco*, 971 S.W.2d 52, 56 (Tex. 1998) (disallowing attorney=s fees on claim for damages that result in no recovery, but allowing them when equitable relief is granted); *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995) (explaining that section 38.001 of the civil practice and remedies code requires a party recovering damages to be entitled to attorney=s fees). However, St. Angelo=s claims are based on a contract, not a fee-shifting statute.

*of Irving*, 902 S.W.2d 731, 739 (Tex. App.CAustin 1995, writ denied). In such situations, the trial court has discretion as to the amount of attorney=s fees to be awarded. *E.g., Watkins*, 869 S.W.2d at 386. Absent an indication that the trial court acted arbitrarily, unreasonably, or without reference to guiding principles, we will not reverse its decision. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The jury found for St. Angelo on her negligent misrepresentation and negligence claims. Because Polk and Billings were non-prevailing parties on those claims, the trial court had discretion under the terms of the contract to award attorney=s fees against them. We overrule Polk=s and Billings=s complaint that St. Angelo was not a prevailing party for the purposes of awarding attorney=s fees.

Finally, Polk and Billings argue that St. Angelo=s attorney did not adequately segregate attorney=s fees between settling and non-settling defendants. Polk and Billings contend that, if the fees are not properly segregated, they will be forced to pay attorney=s fees and costs for which they are not responsible. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11-12 (Tex. 1991). The proper remedy for a failure to segregate fees is a remand to the trial court. *Id.* at 12.

St. Angelo=s attorney testified at trial as to the amount of attorney=s fees that had been billed for the prosecution of St. Angelo=s case. During this testimony, St. Angelo introduced a multi-page billing record as an exhibit. This record consisted of the billing history for the case dating back approximately three years. St. Angelo=s attorney testified that the Atotal cost of preparation and trial of this case@ was approximately $118,000 for nearly 880 hours of work. She further testified that this

**7**

figure accounted for paralegals= and attorneys= services and did not include expenses for depositions and similar expenditures. On cross examination, she conceded that the attorney=s fees could not be segregated according to the causes of action pleaded. She also conceded that there was an error in the billing record that she would correct. Subsequently, she testified that the error had been corrected and that the correct amount of attorney=s fees for St. Angelo=s case was $118,021.25. She also testified that, in addition to those fees, she had been able to segregate the attorney=s fees *exclusively attributable* to the two settling defendants. The attorney=s fees attributable to the homeowners= association were approximately $10,000 and those attributable to the seller were approximately $9,000. These attorney=s fees were over and above the $118,000 that she had previously testified as being attributable to the preparation and trial of the case against Polk and Billings. The trial court found that the fees had been segregated as to settling and non-settling defendants, and submitted a question on attorney=s fees to the jury. The jury awarded St. Angelo attorney=s fees in the amount of $118,021 for preparation and trial of this lawsuit.

In appealing this finding, Polk and Billings challenge the trial court=s determination that the fees were adequately segregated. Computation of settlement credits to be offset against a jury verdict is a matter for the trial court, not the jury. Tex. Civ. Prac. & Rem. Code Ann. ' 33.012 (b) (West 1997) (AIf the claimant has settled with one or more persons, *the court* shall further reduce the amount of damages to be recovered@) (emphasis added). The trial court, in its discretion regarding the allocation of settlement credits, accepted the statement made by St. Angelo=s attorney that the billing statement comprised *only* the attorney=s fees chargeable to Polk and Billings. We have

**8**

examined the record and have found nothing that would permit us to overturn the trial court=s factual determination on this issue. Polk=s and Billings=s issue on segregation of attorney=s fees is overruled.

## CROSS-APPEAL

St. Angelo contends that the trial court incorrectly rendered a take-nothing judgment on actual damages because the settlement credits were incorrectly calculated. The jury awarded $36,000. On Polk=s and Billings=s motion, the court applied a dollar-for-dollar settlement credit. St. Angelo=s settlements with the seller and the homeowners= association were together worth $55,567.69.[2] Because the value of the settlements exceeded the actual damages as found by the jury, the trial court rendered a take-nothing judgment as to monetary damages.

---

[2] St. Angelo settled with the seller for a cash payment of $27,500 and with the homeowners= association for a cash payment of $17,000. In addition, the settlement with the homeowners= association included a release from $9,953.69 in homeowners= fees, special assessments, late fees and other legitimate fees assessed against St. Angelo=s unit, and $1,114.00 in attorney=s fees and costs related to the foreclosure of St. Angelo=s unit. Calculation of settlement credits under the proportionate responsibility statute includes all settlements, both cash and non-cash. *Sisters of Charity of the Incarnate Word v. Dunsmoor*, 832 S.W.2d 112, 117 (Tex. App.C Austin 1992, writ denied) (construing Tex. Civ. Prac. & Rem. Code Ann. ' 33.012(b)(1) (West 1997)). Together, the value of the settlement agreements, cash and non-cash, totals $55,567.69.

St. Angelo=s only complaint is that the trial court did not reduce the settlement credits by the amount of attorney=s fees attributed to each settlement. St. Angelo would have the trial court subtract the attorney=s fees included in the settlements, $10,031.84 for the homeowners=association and $8,896.16 for the seller, from the amount of the settlement credit. This would, according to St. Angelo, reduce the offset to the point that she would be entitled to money damages. However, nothing in the record supports this contention. Even if, *arguendo*, one subtracts the segregated attorney=s fees from the value of settlement agreements, the net value of the settlement agreements is still greater than the actual damages. The trial court=s rendition of a take-nothing judgment was proper. We overrule St. Angelo=s issue on the calculation of the settlement credits.

St. Angelo contests the legal sufficiency of the jury=s failure to make a finding on her DTPA and statutory fraud claims. To prove the jury=s failure to make a finding is legally insufficient, St. Angelo must demonstrate that her DTPA and statutory fraud claims were established, based on the evidence in the record, as a matter of law. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). Essentially, a party must demonstrate that the record was so clear that no rational jury could have failed to find in her favor. *See id.* This is an extremely difficult burden. St. Angelo argues that, because Polk and Billings did not controvert or rebut some evidence favorable to her case, that evidence necessarily established St. Angelo=s legal position. We have carefully reviewed the record, and, although some of St. Angelo=s evidence might permit a jury to find a DTPA violation or statutory fraud, it is not so conclusive as to allow this Court to determine that issue as a matter of law. St. Angelo=s legal sufficiency point is overruled.

**10**

St. Angelo also contests the factual sufficiency of some of the jury=s findings on actual damages. To prevail on a factual sufficiency claim, St. Angelo must demonstrate that the jury=s conclusion is so weakly based on the record or contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We will not substitute our judgment for that of the trier of fact merely because we would reach a different conclusion assessing the same record. *Westech Eng=g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex. App.CAustin 1992, no writ). St. Angelo argues that the jury failed to award damages based on evidence which was not rebutted or questioned by Polk and Billings. For example, St. Angelo complains that the jury did not award her the cost of finding a rental replacement for the condominium while St. Angelo was living with her mother. However, the jury, as finder of fact, has discretion to weigh the credibility of each piece of evidence. *Herbert v. Herbert*, 754 S.W.2d 141, 142 (Tex. 1988). There is no obligation to take a plaintiff=s claims about the measurement of damages at face value. We overrule St. Angelo=s factual sufficiency issue. Because St. Angelo is not entitled to recover actual damages, we also overrule her request for pre-judgment interest.

Finally, St. Angelo asserts that the final judgment is incorrect because it inconsistently refers to Sam Billings as AS.G. Billings Real Estate@ and ASam Billings, individually and d/b/a S.G. Billings Real Estate.@ The evidence was undisputed that Polk acted at all times as an employee of S.G. Billings Real Estate. The fact that the judgment refers to S.G. Billings at some times and to his d/b/a identity at other times has no legal effect on a judgment and does not affect his underlying liability. *See, e.g.*, *A to Z Rental Ctr. v. Burris*, 714 S.W.2d 433, 436 (Tex. App.CAustin 1986, writ ref=d n.r.e.) (holding that individuals

doing business as an unincorporated entity are liable for the entity=s obligations). The rules of civil procedure give the trial court discretion to substitute an individual=s name for that of an assumed business name, but do not require it. *See* Tex. R. Civ. P. 28 (Athe individual=s true name *may* be substituted@) (emphasis added). We will not intrude on the trial court=s ability to draft its final judgment. St. Angelo=s issue regarding the text of the trial court=s judgment is overruled.

## CONCLUSION

We find that the attorney=s fees clause of the earnest money contract required Polk and Billings to pay attorney=s fees to the prevailing party in any suit related to the contract. Because negligent misrepresentation and negligence claims were related to the contract and St. Angelo prevailed on those claims, attorney=s fees were appropriate even though St. Angelo recovered no monetary damages. We reject Polk=s and Billings=s contention that attorney=s fees were not adequately segregated. We also reject St. Angelo=s cross-appeal regarding the legal and factual sufficiency of the jury=s findings, the calculation of the settlement credits, and the wording of the trial court=s final judgment. The trial court=s judgment is affirmed.

Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

12

Affirmed

Filed:   May 31, 2002

Do Not Publish