TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00356-CV







Emma P. Polk and S. G. Billings Real Estate/Linda St. Angelo, Appellants



v.



Linda St. Angelo/Emma P. Polk and S. G. Billings Real Estate, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. 98-01194, HONORABLE PAUL DAVIS, JUDGE PRESIDING







 Linda St. Angelo ("St. Angelo") prevailed on claims of negligence and negligent
misrepresentation regarding her purchase of a condominium against Emma P. Polk ("Polk"), the
seller's real estate agent, and S.G. Billings Real Estate ("Billings"), Polk's employer. Because the
value of settlements St. Angelo made with other parties exceeded the jury's actual award, the trial
court ordered that, as to actual damages, St. Angelo take nothing. However, the trial court awarded
attorney's fees against Polk and Billings based on the earnest money contract. Polk and Billings
challenge the trial court's decision on the grounds that no basis existed for awarding attorney's fees
because the contract was not binding upon them as the brokers to the transaction. St. Angelo files
a cross-appeal challenging the take-nothing judgment and attacking portions of the jury verdict. We
will affirm the trial court's judgment.


BACKGROUND

 This dispute arises from the calculation of damages and attorney's fees in a suit
brought by the appellee, St. Angelo, regarding her purchase of a condominium with a leaking roof. 
The appellants are the seller's real estate broker in that transaction, Polk, and her employer, Billings. 
The other parties, the seller and homeowners' association, settled before trial.

 The seller had owned the condominium since 1994. The roof leaked severely several
times, once forcing the seller to move out so that the homeowners' association could install a new
roof. Each time, the homeowners' association repaired the structure and the leaks appeared to stop.

 At the end of 1995, Polk was retained to represent the seller in putting the
condominium on the market. Together, Polk and the seller filled out and signed a disclosure form
stating that the condominium had previously leaked but had undergone structural repairs. They
represented on the form that the repairs had been successful. By March of 1996, however, the two
discovered a new leak, which was allegedly fixed by the homeowners' association. Polk and the
seller continued to market the condominium without amending the disclosure form.

 St. Angelo bought the property in September 1996, relying in part on the disclosure
form. All persons involved, including the buyer and seller and their respective brokers, signed an
earnest money contract which specified the parties' reciprocal obligations and provided attorney's
fees for any suit related to the contract. St. Angelo moved in during October 1996, and the roof
began to leak almost immediately. After six months, during which time the homeowners'
association had already begun installing a new roof, the leaks became so severe that St. Angelo 
moved out.

 St. Angelo then sued the seller, Polk and Billings, and the homeowners' association,
alleging, among other things, violation of the Deceptive Trade Practice Act, Tex. Bus. & Com. Code
Ann. § 17.46 (West Supp 2002) ("DTPA"), common law fraud, negligent misrepresentation, and
negligence. Only the claims against Polk and Billings went to trial. The jury found Polk and
Billings jointly liable, and comparatively responsible with the seller, for negligent misrepresentation
and negligence. St. Angelo did not prevail under the DTPA or her other causes of action. Because
the jury found no difference between the value of the condominium as promised and as delivered,
the trial court limited damages to St. Angelo's pecuniary losses. The jury found that Polk's share
of proportionate responsibility made her liable for $36,000 in actual damages.

 Because St. Angelo had settled with the seller and the homeowners' association
before trial, she had already received two cash settlements and various non-cash benefits. Polk and
Billings moved to have the settlement amounts credited on a dollar-for-dollar basis. The trial court
found the jury's award was less than the value of the two settlements and ordered that St. Angelo
take nothing by way of actual damages from these defendants. Nevertheless, the trial court awarded
$130,601.25 in attorney's fees and costs against Polk and Billings based on the earnest money
contract. Polk and Billings appeal the award of attorney's fees and the trial court's determination
that attorney's fees were segregated for the purpose of calculating the settlement credits. St. Angelo,
on cross-appeal, challenges the calculation of settlement credits leading to the take-nothing judgment
regarding monetary damages and the jury's failure to find in her favor on her DTPA claim and on
the measure of actual damages. St. Angelo also questions the wording of the trial court's final
judgment.

DISCUSSION

 Polk and Billings contend that the trial court had no basis on which to award
attorney's fees to St. Angelo. They argue that attorney's fees could not be awarded because: (1)
negligent misrepresentation and negligence are common law torts; (2) St. Angelo did not prevail
on her DTPA claim; and (3) neither Polk nor Billings was a party to the contract. We agree with
the first two contentions. Attorney's fees are not generally available for tort recovery. Travelers
Indem. Co. of Conn. v. Mayfield, 923 S.W.2d 590, 593 (Tex. 1996) (holding that attorney's fees for
tort actions must be provided for by statute or by contract). St. Angelo did not prevail on her DTPA
claim and cannot claim statutory attorney's fees under the DTPA. See Tex. Bus. & Com. Code
Ann. § 17.50(d) (West Supp. 2002) (awarding attorney's fees and costs to each consumer who
prevails on DTPA claim).

 If attorney's fees are available, they must be based on the earnest money contract. 
When a contract term is unambiguous, we determine the parties' intent from the plain language of
the contract. Receiver for Citizen's Nat'l Assurance Co. v. Hatley, 852 S.W.2d 68, 78 (Tex.
App.--Austin 1993, no writ). The contract in question is a form contract, promulgated by the
Texas Real Estate Commission and designed to facilitate uniform transactions and application. It
is signed by the buyer and seller of a piece of real estate, as parties, and by the brokers involved in
the transaction. The buyer's and seller's signatures indicate their obligations regarding the sale of
the property; the brokers' signatures indicate their intent to split the commission. While most of
the contract sets forth the reciprocal obligations of only the buyer and seller, paragraph 16
specifically references the brokers involved in the sale. Paragraph 16 reads as follows:

ATTORNEY'S FEES: If Buyer, Seller, Listing Broker, Other Broker or Escrow
agent is a prevailing party in any legal proceeding brought under or with relation to
this contract, such party shall be entitled to recover from the non-prevailing party all
costs of such proceeding and reasonable attorney's fees. The provisions of this
paragraph shall survive closing.



Although the contract does not define "parties" to include brokers, paragraph 16 specifically
references the brokers. Polk, as an employee of Billings, signed the contract. While Polk and
Billings are not parties to the underlying reciprocal obligations between buyer and seller, they are
still responsible for any liability specifically imposed on them by the terms of the contract.

 The contract expressly allows for the recovery of attorney's fees by a prevailing party,
whether it be a buyer, seller, listing broker, other broker or escrow agent from a non-prevailing party
for suits arising under or related to the contract. The contract does not limit recovery of attorney's
fees to breach of contract claims between the buyer and seller. See Watkins v. Williamson, 869
S.W.2d 383, 386-87 (Tex. App.--Dallas 1993, no writ) (holding that almost identical contract
language entitled any escrow agent, even one who had not signed contract, to attorney's fees if he
prevails on any claim related to contract). We note that the negligent misrepresentation and
negligence claims were both directly related to the disclosure statement signed by Polk and the seller. 
Under paragraph 7 of the contract, St. Angelo retained the right to rescind the sale if Polk and the
seller failed to produce a disclosure statement within five days of signing the contract. Any
misrepresentation or negligence relating to Polk's signature on the disclosure form was related to
the earnest money contract because the implementation of the contract was contingent on the 
disclosure form. See Dickerson v. Trinity-Western Title Co., 985 S.W.2d 687, 692-93 (Tex.
App.--Fort Worth 1999, pet. denied) (holding that identical contract language entitled parties to
attorney's fees because claim for negligence, misrepresentation, and deceptive trade practices was
"related to" contract itself). We hold that, under paragraph 7 of the contract, both negligent
misrepresentation and negligence regarding the disclosure form were "related to" the contract and,
therefore, were valid grounds for awarding attorney's fees under paragraph 16. Polk's and Billings's
claim that no basis existed for awarding attorney's fees is overruled.

 Polk and Billings then argue that, even if attorney's fees are appropriate, the trial
court inappropriately awarded attorney's fees and costs because St. Angelo was not a prevailing
party. (1) To be a "prevailing party" for the purposes of a contractual fee-shifting agreement, St.
Angelo must show that she has succeeded on the merits. Weng Enters., Inc. v. Embassy World
Travel, Inc., 837 S.W.2d 217, 222-23 (Tex. App.--Houston [1st Dist.] 1992, no writ). A "prevailing
party" successfully prosecutes a claim or defense, prevailing on the main issue even if not to the
extent of the original complaint. See City of Amarillo v. Glick, 991 S.W.2d 14, 17 (Tex.
App.--Amarillo 1997, no pet.). More generally, a prevailing party is one who is vindicated by the
trial court's judgment. Dear v. City of Irving, 902 S.W.2d 731, 739 (Tex. App.--Austin 1995, writ
denied). In such situations, the trial court has discretion as to the amount of attorney's fees to be
awarded. E.g., Watkins, 869 S.W.2d at 386. Absent an indication that the trial court acted
arbitrarily, unreasonably, or without reference to guiding principles, we will not reverse its decision. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 The jury found for St. Angelo on her negligent misrepresentation and negligence
claims. Because Polk and Billings were non-prevailing parties on those claims, the trial court had
discretion under the terms of the contract to award attorney's fees against them. We overrule Polk's
and Billings's complaint that St. Angelo was not a prevailing party for the purposes of awarding
attorney's fees.

 Finally, Polk and Billings argue that St. Angelo's attorney did not adequately
segregate attorney's fees between settling and non-settling defendants. Polk and Billings contend
that, if the fees are not properly segregated, they will be forced to pay attorney's fees and costs for
which they are not responsible. See Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 11-12 (Tex.
1991). The proper remedy for a failure to segregate fees is a remand to the trial court. Id. at 12. St. Angelo's attorney testified at trial as to the amount of attorney's fees that had been
billed for the prosecution of St. Angelo's case. During this testimony, St. Angelo introduced a multi-page billing record as an exhibit. This record consisted of the billing history for the case dating back
approximately three years. St. Angelo's attorney testified that the "total cost of preparation and trial
of this case" was approximately $118,000 for nearly 880 hours of work. She further testified that
this figure accounted for paralegals' and attorneys' services and did not include expenses for
depositions and similar expenditures. On cross examination, she conceded that the attorney's fees
could not be segregated according to the causes of action pleaded. She also conceded that there was
an error in the billing record that she would correct. Subsequently, she testified that the error had
been corrected and that the correct amount of attorney's fees for St. Angelo's case was $118,021.25. 
She also testified that, in addition to those fees, she had been able to segregate the attorney's fees
exclusively attributable to the two settling defendants. The attorney's fees attributable to the
homeowners' association were approximately $10,000 and those attributable to the seller were
approximately $9,000. These attorney's fees were over and above the $118,000 that she had
previously testified as being attributable to the preparation and trial of the case against Polk and
Billings. The trial court found that the fees had been segregated as to settling and non-settling
defendants, and submitted a question on attorney's fees to the jury. The jury awarded St. Angelo
attorney's fees in the amount of $118,021 for preparation and trial of this lawsuit.

 In appealing this finding, Polk and Billings challenge the trial court's determination
that the fees were adequately segregated. Computation of settlement credits to be offset against a
jury verdict is a matter for the trial court, not the jury. Tex. Civ. Prac. & Rem. Code Ann.
§ 33.012(b) (West 1997) ("If the claimant has settled with one or more persons, the court shall
further reduce the amount of damages to be recovered") (emphasis added). The trial court, in its
discretion regarding the allocation of settlement credits, accepted the statement made by St. Angelo's
attorney that the billing statement comprised only the attorney's fees chargeable to Polk and Billings. 
We have examined the record and have found nothing that would permit us to overturn the trial
court's factual determination on this issue. Polk's and Billings's issue on segregation of attorney's
fees is overruled.


CROSS-APPEAL

 St. Angelo contends that the trial court incorrectly rendered a take-nothing judgment
on actual damages because the settlement credits were incorrectly calculated. The jury awarded
$36,000. On Polk's and Billings's motion, the court applied a dollar-for-dollar settlement credit. 
St. Angelo's settlements with the seller and the homeowners' association were together worth
$55,567.69. (2) Because the value of the settlements exceeded the actual damages as found by the jury,
the trial court rendered a take-nothing judgment as to monetary damages.

 St. Angelo's only complaint is that the trial court did not reduce the settlement credits
by the amount of attorney's fees attributed to each settlement. St. Angelo would have the trial court
subtract the attorney's fees included in the settlements, $10,031.84 for the homeowners' association
and $8,896.16 for the seller, from the amount of the settlement credit. This would, according to St.
Angelo, reduce the offset to the point that she would be entitled to money damages. However,
nothing in the record supports this contention. Even if, arguendo, one subtracts the segregated
attorney's fees from the value of settlement agreements, the net value of the settlement agreements
is still greater than the actual damages. The trial court's rendition of a take-nothing judgment was
proper. We overrule St. Angelo's issue on the calculation of the settlement credits.

 St. Angelo contests the legal sufficiency of the jury's failure to make a finding on her
DTPA and statutory fraud claims. To prove the jury's failure to make a finding is legally
insufficient, St. Angelo must demonstrate that her DTPA and statutory fraud claims were established,
based on the evidence in the record, as a matter of law. See Sterner v. Marathon Oil Co., 767
S.W.2d 686, 690 (Tex. 1989). Essentially, a party must demonstrate that the record was so clear that
no rational jury could have failed to find in her favor. See id. This is an extremely difficult burden. 
St. Angelo argues that, because Polk and Billings did not controvert or rebut some evidence
favorable to her case, that evidence necessarily established St. Angelo's legal position. We have
carefully reviewed the record, and, although some of St. Angelo's evidence might permit a jury to
find a DTPA violation or statutory fraud, it is not so conclusive as to allow this Court to determine
that issue as a matter of law. St. Angelo's legal sufficiency point is overruled.

 St. Angelo also contests the factual sufficiency of some of the jury's findings on 
actual damages. To prevail on a factual sufficiency claim, St. Angelo must demonstrate that the
jury's conclusion is so weakly based on the record or contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). We
will not substitute our judgment for that of the trier of fact merely because we would reach a
different conclusion assessing the same record. Westech Eng'g, Inc. v. Clearwater Constructors,
Inc., 835 S.W.2d 190, 196 (Tex. App.--Austin 1992, no writ). St. Angelo argues that the jury failed
to award damages based on evidence which was not rebutted or questioned by Polk and Billings. 
For example, St. Angelo complains that the jury did not award her the cost of finding a rental
replacement for the condominium while St. Angelo was living with her mother. However, the jury,
as finder of fact, has discretion to weigh the credibility of each piece of evidence. Herbert v.
Herbert, 754 S.W.2d 141, 142 (Tex. 1988). There is no obligation to take a plaintiff's claims about
the measurement of damages at face value. We overrule St. Angelo's factual sufficiency issue. 
Because St. Angelo is not entitled to recover actual damages, we also overrule her request for pre-judgment interest.

 Finally, St. Angelo asserts that the final judgment is incorrect because it inconsistently
refers to Sam Billings as "S.G. Billings Real Estate" and "Sam Billings, individually and d/b/a S.G.
Billings Real Estate." The evidence was undisputed that Polk acted at all times as an employee of
S.G. Billings Real Estate. The fact that the judgment refers to S.G. Billings at some times and to his
d/b/a identity at other times has no legal effect on a judgment and does not affect his underlying
liability. See, e.g., A to Z Rental Ctr. v. Burris, 714 S.W.2d 433, 436 (Tex. App.--Austin 1986, writ
ref'd n.r.e.) (holding that individuals doing business as an unincorporated entity are liable for the
entity's obligations). The rules of civil procedure give the trial court discretion to substitute an
individual's name for that of an assumed business name, but do not require it. See Tex. R. Civ. P.
28 ("the individual's true name may be substituted") (emphasis added). We will not intrude on the
trial court's ability to draft its final judgment. St. Angelo's issue regarding the text of the trial
court's judgment is overruled.


CONCLUSION

 We find that the attorney's fees clause of the earnest money contract required Polk
and Billings to pay attorney's fees to the prevailing party in any suit related to the contract. Because
negligent misrepresentation and negligence claims were related to the contract and St. Angelo
prevailed on those claims, attorney's fees were appropriate even though St. Angelo recovered no
monetary damages. We reject Polk's and Billings's contention that attorney's fees were not
adequately segregated. We also reject St. Angelo's cross-appeal regarding the legal and factual
sufficiency of the jury's findings, the calculation of the settlement credits, and the wording of the
trial court's final judgment. The trial court's judgment is affirmed.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Affirmed

Filed: May 31, 2002

Do Not Publish

1. Although St. Angelo prevailed on two claims, she recovered no monetary damages after
the application of the settlement credits for the two pre-verdict settlements. Most fee-shifting
statutes relating to tort liability require that a plaintiff recover some monetary damages to be
considered eligible for attorney's fees. See, e.g., Allstate Ins. Co. v. Bonner, 51 S.W.3d 289, 292
(Tex. 2001) (holding that plaintiff was not entitled to attorney's fees under insurance code when
insurer had already paid more to plaintiff in benefits than jury had awarded in damages);
Southwestern Bell Mobile Sys., Inc. v. Franco, 971 S.W.2d 52, 56 (Tex. 1998) (disallowing
attorney's fees on claim for damages that result in no recovery, but allowing them when equitable
relief is granted); State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 437 (Tex. 1995) (explaining
that section 38.001 of the civil practice and remedies code requires a party recovering damages to
be entitled to attorney's fees). However, St. Angelo's claims are based on a contract, not a fee-shifting statute.
2. St. Angelo settled with the seller for a cash payment of $27,500 and with the homeowners'
association for a cash payment of $17,000. In addition, the settlement with the homeowners'
association included a release from $9,953.69 in homeowners' fees, special assessments, late fees
and other legitimate fees assessed against St. Angelo's unit, and $1,114.00 in attorney's fees and
costs related to the foreclosure of St. Angelo's unit. Calculation of settlement credits under the
proportionate responsibility statute includes all settlements, both cash and non-cash. Sisters of
Charity of the Incarnate Word v. Dunsmoor, 832 S.W.2d 112, 117 (Tex. App.--Austin 1992, writ
denied) (construing Tex. Civ. Prac. & Rem. Code Ann. § 33.012(b)(1) (West 1997)). Together, the
value of the settlement agreements, cash and non-cash, totals $55,567.69.